### H. D. GRAY v. THE STATE.

No. 17568. Delivered May 8, 1935.
Rehearing Denied June 5, 1935.

638

The opinion states the case.

*John Morison* and *Geo. E. Hosey*, both of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of robbery, and his punishment was assessed at confinement in the state penitentiary for a term of 12 years.

The record shows that on or about the 6th day of July, 1934, an automobile occupied by four men and a woman stopped on the highway within one hundred yards of where Jim Butler operated a tourist camp and restaurant in Palo Pinto County, Texas. Three of the men got out of the car, went to the restaurant, and asked for coffee. When told by Butler that he did not have any coffee, they called for Coca-Cola. After drinking some Coca-Cola they drew their pistols and commanded Butler to put up his hands, which he declined to do, and then they ordered him to come from behind the counter, which he also declined to do. The appellant was positively identified by Butler as the man who opened the cash register and took therefrom all the currency, leaving the coins, while another man took the slot machine from the counter, carried it to the car, and then they all left. Butler secured a pistol, got into his car after notifying the officers, and pursued the robbers. They were arrested several miles from the scene of the robbery and in their car was found a pistol, the slot machine belonging to Butler, which had been broken open, and in the pockets of each of said four men was found approximately thirty nickels. The appellant did not testify or offer any defense.

The appellant's contention is that the court erred in not instructing the jury to return a verdict of not guilty because

the alleged injured party testified on cross examination as follows: "I was not scared. I was neither scared of man or the devil," but he further testified on cross examination as follows: "Of course, I was scared. I was scared if I raised my hands possibly I would have been shot." On direct examination he testified as follows: "I felt like I might have got shot. They certainly put me in fear of my life there and bodily injury; they put me in fear of my life there at the time." This presented an issue of fact to be determined by the jury who are by law made the exclusive judges of the facts proven, the credibility of the witnesses and the weight to be given to their testimony. The statement of facts shows that appellant was one of the three persons who appeared at Jim Butler's place of business on the morning of July 6, 1934, and by the use of firearms put Butler in fear of death or serious bodily injury and then robbed him. It is our opinion that the testimony is sufficient to sustain the verdict of the jury.

Therefore, the judgment of the trial court is in all things affirmed.

*Affirmed.*

MORROW, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It is difficult to understand appellant's insistence that the trial court should have peremptorily instructed the jury to return a verdict of not guilty because the prosecuting witness, the man who was robbed, testified that he was not scared,—was not scared of man or the devil. Said witness did testify that he was put in fear of life and injury. The undisputed evidence showed that appellant and his companions did present pistols, and did take from the possession of the prosecuting witness his property. We do not think it necessary in order to make out a case, based on the proposition that the conduct of the accused puts said injured party in fear of life or bodily injury,—for such injured party to testify that he exhibited cowardice or that he was scared.

The motion for rehearing is overruled.

*Overruled.*