**Richard RIOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–81- 008–CR.**

Court of Appeals of Texas, Corpus Christi.

Oct. 22, 1981.

Rehearing Denied Nov. 5, 1981.

Discretionary Review Refused Dec. 16, 1981.

Frederick W. Robinson, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

## OPINION

GONZALEZ, Justice.

This is an appeal from a conviction for possession of heroin. Trial was before a jury with punishment set by the court at life imprisonment.

Appellant was arrested in his mother's home during the course of a search with a warrant. Appellant apparently did not live at the location, but was a visitor.

Once inside, the officers saw appellant take a plastic bag out of his pocket and throw it on top of a couch in the living room. The plastic bag contained three aluminum foil packets and a balloon which were shown to contain heroin. A search of the house turned up a gram scale, four syringes, a "roach clip," a piece of aluminum foil, and the end of a syringe. Currency in the amount of $377.80 was found on appellant's person.

Shortly after his arrest, prior to *Miranda* warnings, appellant, by means of oral statements, told Officer Mike Ross where he lived and that he was unemployed. These statements were made in response to questions being asked by Officer Ross for the purpose of filling out a booking sheet. In grounds of error one and two, appellant contends that the trial court erred in admitting these statements into evidence over his objections that the statutory predicate for oral statements had not been laid and that the statements had not been revealed in violation of a previous discovery order. An examination of the record shows these objections were well taken. We decline to reverse, however, because the information revealed in the statements does not tend to prove or disprove any material fact issue or element of the offense charged and appears to be completely immaterial. We find the error in admitting this evidence was harmless beyond a reasonable doubt. *Warren v. State*, 514 S.W.2d 458, 465 (Tex.Cr.App. 1974); *Byrd v. State*, 495 S.W.2d 226, 228 (Tex.Cr.App. 1973).

In his third ground of error, appellant complains it was error to admit into evidence the gram scale, the four syringes, the "roach clip," and the piece of aluminum foil. Appellant argues that the prejudicial effect of these exhibits outweighed the probative value. We disagree.

The "roach clip" was admitted without objection, so nothing is preserved for review. As to the other exhibits, they were found during the search in the premises described in the warrant. They were found in a chest of drawers in the bedroom that appellant was using during his visit. They were properly admitted as part of the circumstance of the search and arrest of appellant. *Graves v. State*, 513 S.W.2d 57 (Tex.Cr.App. 1974); *Valdez v. State*, 472 S.W.2d 754 (Tex.Cr.App. 1971). Appellant's third ground of error is overruled.

In appellant's fourth and fifth grounds of error, appellant alleges that the court committed error in not requiring that the identity of the informer be divulged and alleges that the trial court erred in refusing to allow appellant to test the truth of the information upon which the search warrant was issued.

The identity of an informant need not be disclosed unless: 1) the informant participated in the offense; 2) was present at the time of the offense or arrest; or 3) was otherwise shown to be a material witness to the transaction or as to whether appellant knowingly committed the act charged. *Carmouche v. State*, 540 S.W.2d 701, 703 (Tex.Cr.App. 1976).

A hearing was held on appellant's motion to suppress evidence. At this hearing, Officer Albert Leal, the affiant in the affidavit for the search warrant, testified

and was cross-examined by appellant's counsel. At no time did appellant ask whether the informer participated in the offense, whether he was present at the time of the offense or arrest, or any questions tending to show the informer was a material witness to the offense; nor was appellant denied the opportunity to ask these types of questions. The requirements of *Carmouche v. State*, supra, not having been met, and appellant having failed to show that the affidavit for the search warrant was intentionally false or made with reckless disregard for the truth, appellant's grounds of error four and five are overruled. *Ramsey v. State*, 579 S.W.2d 920, 922 (Tex.Cr.App. 1979).

■ Appellant's sixth ground of error is that the trial court committed error in refusing to suppress the search warrant because no valid return was made thereon. It is well settled that an arresting officer's failure to make a return on a warrant to the magistrate will not vitiate the warrant. *Pecina v. State*, 516 S.W.2d 401 (Tex.Cr. App. 1974); *Phenix v. State*, 488 S.W.2d 759 (Tex.Cr.App.1972). Appellant's sixth ground of error is overruled.

■ Appellant filed two pro se briefs. In his first brief, he contends that the affidavit supporting the search warrant fails to meet one of the requirements of *Aguilar v. Texas*, 378 U.S. 108, 114–15, 84 S.Ct. 1509, 1513–14, 12 L.Ed.2d 723 (1964), namely, the requirement that it state underlying circumstances from which the affiant concluded that the unnamed informant was credible or his information reliable. As shown by the following portion of the affidavit, we find this requirement has been met:

> "Affiant believes that the information provided by said informant to be reliable and credible for the following reasons: The same informant has given information to affiant on four different occasions, this occurring within the past six months, and arrest of narcotic violators and seizure of controlled substances have resulted from the information provided by the said informant on three of the four different occasions."

*Carmichael v. State*, 607 S.W.2d 536 (Tex. Cr.App.1980). Appellant's further objection that the affidavit is void because it utilizes hearsay is, of course, without merit. *Jones v. State*, 568 S.W.2d 847 (Tex.Cr.App.1978).

■ Appellant complains that there was no proof that the controlled substance was heroin. This complaint is without merit. There was a stipulation to the chain of custody of the heroin seized, and there was also a laboratory report from the chemist admitted into evidence which proved that the substance seized was heroin. This ground of error is overruled.

■ Finally, appellant alleges that the life sentence should not have been imposed because the State failed to prove that the offense resulting in his second previous felony conviction occurred after his first previous conviction became final. The judgment of the first conviction became final in 1967. The judgment in the second conviction contains a finding that the offense occurred on April 23, 1973. This finding is sufficient proof of the date of the offense resulting in the second conviction and proof that such offense occurred after the first conviction became final. *Green v. State*, 542 S.W.2d 416 (Tex.Crim.App.1976). We find that the State's proof was sufficient to invoke the provisions of the habitual felony offender statute. Tex. Penal Code, Ann., Sec. 12.-42(d) (Vernon 1974).

We have reviewed the other grounds of error alleged by appellant, and they are without merit.

The judgment of the trial court is AFFIRMED.