**David Anthony DODSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–84–0078–CR**

Court of Appeals of Texas, Tyler.

Sept. 19, 1985.

Jay Ethington, Dallas, for appellant.

H. Ownby, Dist. Atty., McKinney, for appellee.

COLLEY, Justice.

Dodson was convicted by a jury of aggravated rape. The jury assessed his punishment at seventy-five years' confinement. The jury found two enhancement counts alleged in the indictment true.

According to the testimony of A____ S____ (hereafter complainant), Dodson came into her bedroom at or about 1:30 a.m. on

May 20, 1983, while she was sleeping. She was awakened by something brushing across her lips. She looked up and observed Dodson nude and standing beside her bed. Dodson then climbed on top of complainant, pinned her arms with his knees, and attempted repeatedly to insert his penis into her mouth. She resisted the assault, screaming for him to leave and attempted to gouge his face and eyes with her fingernails. Dodson continued his assaultive conduct and the complainant continued to struggle to escape him. Failing to force complainant to receive his penis orally, Dodson then pinned complainant on her back in the bed and attempted to penetrate complainant's vagina. Complainant resisted, clawing at Dodson and "pinching" his penis. Dodson then grabbed complainant's neck and choked her with sufficient force to make it difficult for her to breathe. Dodson told complainant, in effect, that he would not leave until he was successful in his efforts, and that if she didn't stop screaming and struggling, he would tie her up with a rope that he had brought. Complainant, who testified that she was in fear of serious injury or death by strangulation at the hands of Dodson, then submitted. Complainant testified that Dodson was extremely strong.

Kenneth Kippels, a medical doctor, testified for the State that his examination of complainant revealed bruises on each side of her neck and that the bruises resulted from prolonged and significant force. Dr. Kippels also testified that such force was sufficient to cause breathing difficulties for the complainant.

Dodson presents five grounds of error. He claims that (1) the evidence is insufficient to sustain the conviction; (2) the court erred in refusing to charge the jury on the lesser offense of rape; (3) the court committed error in receiving into evidence a taped conversation between one of complainant's three daughters and a police communications officer; (4) the court erred in admitting into evidence at the punishment phase Dodson's prior conviction of burglary; and (5) the trial court erred at the punishment phase by submitting a supplemental charge defining "aggravated perjury" of which Dodson had also been previously convicted. We affirm.

Dodson argues under his first ground that the evidence is insufficient to support his conviction for aggravated rape. He contends, basically, that since no express verbal threat was made, and no gun, knife or deadly weapon was used in the commission of the offense, and no serious bodily injury was in fact inflicted on the complainant herein, the conviction for aggravated rape cannot stand. Dodson relies principally upon *Rogers v. State*, 575 S.W.2d 555 (Tex.Cr.App.1979), and *Rucker v. State*, 599 S.W.2d 581 (Tex.Cr.App.1979). He also cites *Holder v. State*, 643 S.W.2d 718 (Tex.Cr.App.1982), and *Whitchurch v. State*, 650 S.W.2d 422 (Tex.Cr.App.1983). We note that in each of the such cases other than *Holder*, the Court was construing the language of Tex. Penal Code Ann. § 21.03 (Vernon 1974) as it existed before the effective date of the 1981 amendments [1] thereto. Prior to the 1981 amendments, Section 21.03(a)(2) [2] provided that an actor committed aggravated rape when he committed rape and compelled "submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone." The Court of Criminal Appeals in *Rogers* and *Rucker* construing such statute held that "absent an express verbal threat, evidence was sufficient to prove aggravated rape only when a gun, knife, or deadly weapon was used, or serious bodily injury was in fact inflicted." *Rucker* at 586. If that holding is applicable to the language of Section 21.-03(a)(2) as enacted by the 67th Legislature effective September 1, 1981, we will be constrained to agree with Dodson and reverse his conviction. Replying to Dodson's

---

1. Acts 1981, 67th Leg. ch. 96 § 1, 1981 Tex.Gen. Laws 203 (repealed by Acts 1983, 68th Leg., p. 5321, ch. 977, § 12, eff. Sept. 1, 1983).

2. Acts 1973, 63rd Leg.Ch. 399 Sec. 1, 1973 Tex. Gen.Laws 883, 916 (amended by Acts 1981, 67th Leg., p. 203, ch. 96, §§ 1, 2).

argument, the State contends that the decisions of the Court of Criminal Appeals in *Rucker* and *Rogers* are inapplicable to the language of the 1981 amendments, citing *Seek v. State*, 646 S.W.2d 557, 560 (Tex. App.—Houston [1st Dist.] 1982, no pet.). We agree. The 1981 amendments to Section 21.03(a)(2) provide that when an actor commits rape, he is guilty of aggravated rape if he "by acts, words, or deeds places the victim in fear of death, serious bodily injury ... to be imminently inflicted on anyone...." The exposition by the Court of Criminal Appeals of former Section 21.-03(a)(2) cannot rationally be applied to the dissimilar language of the 1981 version of Section 21.03(a)(2). Under the rationale of *Rucker* and *Rogers*, if no express verbal threat to kill or seriously injure the victim is made by the actor, and no serious bodily injury is actually inflicted on the victim, then the actor in communicating the threat to immediately inflict serious bodily injury, as that term is defined in Tex.Penal Code Ann. § 1.07(a)(34) (Vernon 1974), must necessarily use means capable of inflicting serious bodily injury, i.e., gun, knife, or deadly weapon. That standard of proof represents an heroic effort by our Court of Criminal Appeals to draw a fine distinction between the proof required to establish the commission of the offenses of rape and aggravated rape. The legislature dealt a fatal blow to the *Rucker-Rogers* exposition by its enactment of the 1981 amendments to Section 21.03(a)(2). Our study of a trio of Courts of Appeal cases, viz. *Seek v. State*, 646 S.W.2d 557, 560 (Tex.App.—Houston [1st Dist.] 1982, no pet.); *Bank v. State*, 662 S.W.2d 627, 629 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd); and *Harris v. State*, 666 S.W.2d 537, 539 (Tex. App.—Austin 1984, no pet.), persuades us that in deciding evidentiary attacks in aggravated rape cases, we should review the evidence overall and determine whether the "acts, words or deeds" of the actor were sufficient to place a reasonable person in complainant's circumstances in fear of death or serious bodily injury to be imminently inflicted upon her or another at the hands of her attacker. We conclude that the "acts, words and deeds" of Dodson during the commission of this rape were indeed sufficient to place a reasonable person in complainant's circumstances in fear of the imminent infliction of serious bodily injury upon her, and, therefore, the evidence is sufficient to support the verdict. Ground of error number one is overruled.

 Next, Dodson claims that the trial court erred in refusing his request that the jury be charged on the lesser included offense of rape. Tex.Crim.Proc.Code Ann. art. 37.09 (Vernon 1981) provides in part:

> An offense is a lesser included offense if:
>
> (1) it is established by proof of the same or less than all of the facts required to establish the commission of the offense charged;
>
> (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person ... suffices to establish its commission.

Hence, we conclude that rape is a lesser included offense of aggravated rape. *See also Choice v. State*, 628 S.W.2d 475, 477 (Tex.App.—Texarkana 1982, no pet.). However, an instruction on a lesser included offense is required only when there is evidence from any source, however weak which raises the issue that a defendant if guilty "is guilty only of the lesser offense." *McBrayer v. State*, 504 S.W.2d 445, 447 (Tex.Cr.App.1974). Furthermore, the Court of Criminal Appeals has consistently held that a charge on a lesser included offense is necessary only where the offense alleged "requires the jury to find a *disputed* factual element which is not required for conviction in a lesser included offense." *McKinney v. State*, 615 S.W.2d 223, 224 (Tex.Cr.App.1981) (emphasis added). In this case, Dodson did not testify. The complainant testified that the words and conduct of Dodson caused her to be in fear of serious injury and death. We have carefully considered all[3] of the evidence adduced before the jury, and conclude that

---

3. *See Lugo v. State*, 667 S.W.2d 144, 147 (Tex.Cr. App.1984).

no evidence was produced before the jury which conflicts with the complainant's testimony that she submitted to the rape only because she was in fear that Dodson would seriously injure or kill her. Ground number two is therefore overruled.

■ During the assault made on complainant, her three daughters who lived with her were present in the home. One of the daughters, Christine, age 16, was awakened by her mother's screams. Christine called the Richardson Police Department and reported to Sherrie Holley, a communications supervisor with the Richardson Police Department, that her mother was being sexually assaulted. Christine described to Sherrie the sounds she was hearing at the time. The conversation was recorded on tape by Holley and that tape was re-taped to eliminate certain static and background noises, and for the purpose of enhancing the quality and intensity of the voices of Christine and Holley. Both Holley and Christine testified in person at the trial. Each testified that the enhanced recording which was played before the jury and a type-written transcript thereof which was read by the jury, were accurate reproductions of the conversation had between them at the time. The trial court admitted into evidence both the enhanced tape and the transcript thereof. Dodson objected to the admission of this evidence on the grounds that it was irrelevant, that it constituted hearsay, that Dodson was denied his constitutional right of confrontation and cross-examination of the witnesses and declarants, that Christine lacked personal knowledge of the events she was describing on the tape, and that the tape was altered. We will overrule the ground. The content of the recording is clearly hearsay, and thus, inadmissible. Tex.R.Evid. 801(d), 802. However, our review of the record demonstrates that the error in receiving the same into evidence is harmless. Complainant testified to substantially the same material facts shown by Christine's conversation on the tape describing the assault against her. Additionally, Christine also testified in person that she heard her mother's screams and overheard a man's voice

in her mother's room. No objection to such testimony was made by Dodson at trial. Ground number three is overruled. *Lichtenwalter v. State*, 554 S.W.2d 693, 694 (Tex.Cr.App.1977); *Nicholas v. State*, 502 S.W.2d 169, 174–175 (Tex.Cr.App.1973). Furthermore, much of the conversation between Holley and Christine was immaterial, that is, it did not tend to prove any material disputed fact issue in the case. *Byrd v. State*, 495 S.W.2d 226, 228 (Tex.Cr.App. 1973); *Rios v. State*, 623 S.W.2d 496, 498 (Tex.App.—Corpus Christi 1981, pet. ref'd); *Martinez v. State*, 252 S.W.2d 186, 188 (Tex.Cr.App.1952). No reversible error is shown.

■ The State introduced before the jury at the punishment phase of the trial evidence of Dodson's prior conviction in 1981 for burglary of a habitation. The evidence introduced by the State consisted in part of a judgment dated October 19, 1981, and a sentence pronounced thereon bearing the same date. The form of the sentence contained a provision reading, "[s]entence to begin on the ____ day of _____, A.D., 1981." Dodson then introduced a sentence nunc pro tunc signed by the judge who pronounced the previous original sentence in the burglary conviction. The nunc pro tunc order is dated November 1, 1983, and its content is the same as that of the original sentence above discussed, except it recites that the sentence in the burglary conviction is to begin on August 29, 1981. Dodson then introduced into evidence a written notice of appeal signed by his attorney dated November 9, 1983. Dodson, out of the presence and hearing of the jury, objected to the admission before the jury of the original judgment and sentence in the burglary conviction on the ground that it was not a final conviction because notice of appeal had been given on November 9, 1983. He so argues in this Court. Essentially, Dodson contends that because the original sentence in such cause did not state when the sentence was to commence, it lacked finality. Dodson's position is totally without merit. The original judgment and sentence in the burglary conviction

shows as a matter of law that the sentence therein was pronounced on the 19th day of October, 1981. The only significance of the nunc pro tunc sentence was to show the time credit against the sentence to which Dodson was entitled. Ground four is overruled.

 At the punishment phase the jury dispatched a note to the trial judge asking, "[w]hat is aggravated perjury?" The Court promptly advised counsel in open court of the receipt of such inquiry, and further informed them that the Court proposed to define the offense of aggravated perjury for the jury, both orally and in writing. Dodson objected in this language: "We object ... because the Court is not directing the jury's attention back to the original charge of the Court originally [sic] given during the punishment phase of the trial." Dodson did not object to the supplemental charge in any other respect. In other words, Dodson did not challenge the correctness of the definition of aggravated perjury. Hence, the question presented, is whether it is error for the Court to define an offense alleged and proved to have been previously committed by a defendant where the conviction is introduced before the jury as authorized by the provision of Tex.Crim.Proc.Code Ann. art. 37.07 § 3(a) (Vernon 1981). Dodson argues in this Court that this action by the trial court somehow constitutes a comment on Dodson's failure to testify in the case. Dodson also contends that the definition of the prior offense committed by Dodson was irrelevant to any issue in the case, and that it would be of no help to the jury in assessing punishment in the case. Dodson does not contend that the definition given to the jury by the court in its supplemental charge improperly informed the jury of details of the prior conviction. Such would constitute error. *See Johnson v. State,* 650 S.W.2d 784, 792 (Tex.Cr.App.1983). We hold that no error was committed by the trial court in defining the prior offense of aggravated perjury proved to have been committed by Dodson in 1981. Indeed, if the title of an offense is not self-explanatory to lay jurors, a correct definition

thereof is helpful and prevents speculation as to the meaning and character of the prior offense. Ground number five is overruled.

The judgment of the trial court is affirmed.