**Thomas Lee ELKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–91–00595–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 16, 1992.

Discretionary Review Refused
April 29, 1992.

Douglas M. O'Brien, Houston, for appellant.

Julie Klibert, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Thomas Lee Elkins, appeals his judgment of conviction for the offense of aggravated sexual assault. TEX.PENAL CODE ANN. § 22.021 (Vernon 1989). The jury rejected appellant's not guilty plea and, after finding the enhancement paragraph of the indictment to be true, assessed punishment at twenty (20) years confinement to the Institutional Division of the Texas Department of Criminal Justice. We affirm.

In his sole point of error appellant asserts that the evidence is insufficient to support the jury's verdict as to the aggravating element of the offense, in that appellant did not by acts and words place the complainant in fear of death or that serious

bodily injury would be imminently inflicted on her.

The relevant facts are as follows: On the morning of March 11, 1991, Rosella Jameson was awakened by loud knocking on her door. When she opened the door she observed the complainant who told her she had been raped and that the person was after her. She testified that the complainant appeared frightened and was shaking. She called the police.

Deputy Sidney Albright of the Harris County Sheriff's office responded to the call. He testified that the complainant told him she had been kidnapped from a truck stop and raped. She described her assailant and then took Deputy Albright to the trailer park where the rape had occurred. Albright further testified that this trailer park is located in an isolated area. The complainant pointed out the trailer and when Deputy Albright entered the trailer he found appellant asleep. Albright testified that the complainant was crying and emotional. The complainant identified appellant when he came out of the trailer.

The doctor on duty at the emergency room of Texas Children's Hospital testified that the complainant told him that appellant had grabbed her bodily by her hair, wrists and neck, taken her to a location and then sexually assaulted her orally, anally and vaginally. He testified that the complainant was frightened and fearful and he described the nature of the injuries. He testified that the injuries sustained were consistent with what the complainant stated had been done to her.

The complainant testified that she was sixteen years old and at the time of the offense she had been traveling with her boyfriend who was a truck driver. She testified that they had reached a truck stop and while her boyfriend went inside the truck stop she talked on the C.B. radio. While on the radio she began talking to appellant whom she thought was someone she knew. When she approached appellant's van, at his request, she realized that it was not her friend. She further testified that before she could walk away appellant grabbed her wrist and neck and forced her

in the van. She testified that he threatened her and took her to the trailer where he repeatedly sexually assaulted her orally, anally and vaginally. When appellant fell asleep she ran from the trailer.

Kevin Steele testified for the defense that he observed the complainant get in the van with appellant. He testified that the complainant got in once, then left the van and then returned. He also testified that it did not appear she had been pulled into the van.

■ Appellant contends in his sole point of error that the evidence is insufficient to support the jury's verdict in regard to the aggravating element of the offense. Appellant was charged under Tex.Penal Code, Section 22.021(a)(2)(A)(ii) (Vernon 1989). When deciding evidentiary attacks in aggravated sexual assault cases, the appellate court should review the overall evidence and determine whether the "acts, words or deeds" of the actor were sufficient to place a reasonable person in the complainant's circumstances in fear of death or serious bodily injury to be imminently inflicted upon her or another at the hands of her attacker. *Dodson v. State*, 699 S.W.2d 251 (Tex.App.—Tyler 1985, no pet.). Although *Dodson* was decided under Texas Penal Code, Section 21.03(a)(2) (Vernon 1981) language of that article is identical to the language of the section under which appellant was charged. *Wilkerson v. State*, 766 S.W.2d 795 (Tex.App.—Tyler 1987, pet. ref'd). The same evidentiary standard used in *Dodson* was used when deciding the same issue under the new statute. *Kowey v. State*, 751 S.W.2d 587 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd).

■ It is well settled that when viewing the sufficiency of the evidence the appellate court must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found all the essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 309, 99 S.Ct. 2781, 2783, 61 L.Ed.2d 560 (1979). *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989), *overruled by Geesa v. State*,

820 S.W.2d 154 (Tex.Crim.App.1991) (abandoned "reasonable hypothesis analysis construct" in analyzing cases tried after the ruling in this case). It is the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony and it may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit. *Banks v. State*, 510 S.W.2d 592, 595 (Tex. Crim.App.1974). A jury is entitled to accept the state's version of the facts and reject appellant's version or reject any of the witness' testimony. *Moore v. State*, 804 S.W.2d 165 (Tex.App.—Houston [14th Dist.] 1991, no pet.). The jury may believe all, part, or none of any witness' testimony. Moreover, the law does not require that all State's witnesses testify consistently, or even that all the State's evidence support the State's theory of the case. The law only requires that a rational trier of fact, viewing the evidence in the light most favorable to the verdict, could have found the elements of the crime beyond a reasonable doubt. *Smith v. State*, 789 S.W.2d 419, 420 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd).

■ It is not necessary that a threat or being placed in fear be communicated verbally. *Church v. State*, 552 S.W.2d 138 (Tex.Crim.App.1977). Whether or not a complainant was placed in fear of death or serious bodily injury is a fact to be determined by the jury. *Gray v. State*, 82 S.W.2d 958 (Tex.Crim.App.1935).

■ Under the statute as amended, we hold that the trier of fact is entitled to consider not only the injury actually inflicted and express verbal threats made by the appellant, but also his objective conduct, i.e. his acts, words, or deeds. Thus, the fact finder may infer from the totality of the circumstances whether a person's overall conduct placed the victim in fear of death or serious bodily injury. *Seek v. State*, 646 S.W.2d 557 (Tex.App.—Houston [1st Dist.] 1982, no pet.).

■ The victim testified that appellant grabbed her by her wrist and neck and pulled her into the van. When asked by the prosecutor what was going through her mind she stated, "Fear". She further testified that appellant took her down a dark road and she did not know where she was being taken. Appellant told her that if she screamed or tried to get away, "he'd kill her" and she believed him. She also testified that he kept his hand on her throat and kept repeating that he would kill her. She said his tone was harsh and mean. When they got to the trailer he indicated to her to be quiet and held her by the wrist. She testified that once inside she did not feel she could holler because she was afraid. She testified that he threw her on the bed, held her neck and kept telling her not to say anything and then he took off her clothes. She testified that fear was going through her mind and "I was going to do anything to just get away from him". He grabbed her hair to force her to perform oral sodomy on him. He later had her lay on her stomach and he put his penis in her anus. After this he put his penis in her vagina and again made her perform oral sex on him. When the complainant asked to go to the bathroom, appellant continued to hold onto her wrist. She testified that she had no chance to get away. She also stated that appellant told her if she ran away he would catch her and kill her.

We find that a rational trier of fact when looking at the totality of the circumstances could find that any reasonable person who is threatened that she would be killed if she screamed, taken to a secluded location in an area with which she is not familiar while being held by the throat and repeatedly threatened that she would be killed, then held by the neck and wrist and repeatedly sexually assaulted over a period of three hours would be placed in fear of death or serious bodily injury. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.