Opinion issued October 7, 2004










In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00313-CR




ADRIAN DANIEL GUAJARDO, Appellant

V.

 THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 916671




O P I N I ON
          Appellant, Adrian Daniel Guajardo, pleaded not guilty to sexually assaulting
a child. A jury found appellant guilty and assessed punishment at 12 years in prison. 
Appellant asserts the following three points of error: (1) the factual insufficiency of
the evidence to prove that appellant knowingly and intentionally committed a sexual
assault; (2) jury charge error in the court’s provision of a correct definition of the
offense of public lewdness in response to a jury question; and (3) ineffective
assistance of counsel because appellant’s counsel did not object to the trial court’s
providing the definition of the offense of public lewdness. We affirm.
A. BACKGROUND
          Appellant became acquainted with D.L., a 15-year-old boy, through D.L.’s
participation in his high school’s cheerleading program. The cheerleaders and their
coaches held training sessions at appellant’s gymnastics center (the “gym”) where
appellant assisted in the cheerleaders’ training. Appellant invited D.L. to a party to
be held at the gym on the night of September 22, 2001. Appellant told D.L. that some
high profile Olympic athletes would be at the party. D.L. obtained his mother’s
permission to attend the party. His mother set a curfew of 11:00 p.m.
          On the night of the party, appellant and his roommate, Raul Hernandez,


 picked
D.L. up from his mother’s house and took him to their apartment near the gym before
going to the party. While they were in appellant’s apartment, D.L. watched
cheerleading videos and drank alcoholic beverages, supplied by appellant, with
appellant and appellant’s friends. D.L. drank vodka and some shots of liquor. D.L.,
appellant, and the others then left for the party at the gym. 
          Alcohol was also served to the celebrants at the party, who appeared to D.L.
to be predominantly teenagers. Appellant and D.L. left the party together after only
30 to 45 minutes and returned to appellant’s apartment shortly before D.L.’s 11:00
p.m. curfew. At the apartment, D.L. resumed drinking alcoholic beverages and began
to feel nauseated. D.L. then passed out in appellant’s living room. The next memory
D.L. had was of his throwing up in appellant’s bathroom. D.L. did not remember
how he got from the living room to the bathroom; however, he did recall that
appellant was in the bathroom with him and gave him a towel to clean himself up. 
          Appellant then either led or carried D.L. from the bathroom to his bed, where 
D.L. lay down and fell asleep. D.L. testified that he woke up when appellant pulled
off D.L.’s boxers and performed oral sex on him. D.L. stated that he was too
intoxicated to move or protest and that appellant also stuck his own penis into D.L.’s
mouth. Later, D.L. woke up again and found that appellant was asleep. He gathered
his clothes, dressed, called his mother and gave her directions to appellant’s
apartment.
          D.L.’s mother testified that, when D.L. did not arrive home at 11:00 p.m., she
repeatedly called his cell phone and appellant’s cell and home phones. At
approximately midnight, she finally reached appellant, who told her that D.L. was
sick and intoxicated and that he believed D.L. should stay at appellant’s apartment. 
D.L.’s mother disagreed, and the two made arrangements for appellant to take D.L.
to the gym where his mother would pick him up in a few minutes. D.L.’s mother
testified that she waited at the gym until approximately 3:00 a.m., but appellant did
not show up. Later, when she received her son’s call and picked him up, he did not
tell her about the assault. Appellant’s only attempt to call D.L.’s mother was after he
awoke to find D.L. gone. D.L.’s mother testified that D.L. was withdrawn in the
weeks following the incident, did not want to speak to friends, and was unusually
quiet. 
          D.L. testified that appellant contacted him a few months after the assault and
told him that someone had watched the sexual assault and that a videotape might
exist. After this telephone call, D.L. told his grandmother about the sexual assault. 
His mother and grandmother contacted a police officer with whom the grandmother
was acquainted. D.L. stated that, approximately a month after he told his
grandmother about the sexual assault, appellant contacted him again. D.L. testified
that appellant said he could stop the videotape from being distributed to all of the
local high schools if D.L. had another sexual encounter with him. D.L. told his
mother and grandmother about the second call.
B. DISCUSSION
1.       Factual Insufficiency
           In his first point of error, appellant asserts that the State’s case relies entirely
on the testimony of D.L., that D.L.’s testimony is not credible, and that, therefore, the
evidence is factually insufficient to support appellant’s conviction. Specifically,
appellant argues that D.L.’s testimony is not credible because D.L. was acutely
intoxicated, was unconscious for a period of time, and testified that he did not resist
the alleged attack. Appellant also attacks D.L.’s credibility by offering a possible
motivation for D.L. to make a false allegationthat D.L. was afraid appellant would
inform high school officials and cheerleading coaches about his drinking.
          In a factual sufficiency review, we view all the evidence in a neutral light, and
we will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamila v. State, No.
74,494, 2004 WL 1462077, at *1 (Tex. Crim. App. June 30, 2004) (citing Zuniga v.
State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004). The
appellate court should not substitute its own judgment for that of the fact finder. 
Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). 
           Appellant’s argument goes to D.L.’s credibility as a witness and is a matter for
the determination of the jury. The jury is the exclusive judge of the facts, the
credibility of the witnesses, and the weight to be given to the witnesses’ testimony. 
Jaggers v. State, 125 S.W.3d 661, 671 (Tex. App.—Houston [1st Dist.] 2003, pet.
ref’d). The jury may believe all, some, or none of any witness’s testimony. See
Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (stating that jury “could
choose to believe or not believe the witnesses, or any portion of their testimony”).
          We hold that the evidence was factually sufficient for the jury to be rationally
justified in finding guilt beyond a reasonable doubt. We overrule appellant’s first
point of error.
2.       Jury Charge
          In his second point of error, appellant asserts that the trial court erred in
defining the offense of public lewdness in the jury charge. Appellant did not timely
and properly object at trial; however, he claims that he suffered egregious harm from
the error.


 Because we hold that there was no error, we do not reach the harm
analysis. Nguyen v. State, 811 S.W.2d 165, 167 (Tex. App.—Houston [1st Dist.]
1991, pet. ref’d) (“When reviewing a trial court’s jury instructions, the appellate court
should first determine whether the charge given was erroneous.”).
          On direct examination, appellant testified that he had previous convictions for
public lewdness, credit card abuse, and theft by check. Before deliberations on guilt-innocence, the jury was instructed to consider appellant’s prior convictions for
impeachment purposes only. In his closing argument, appellant’s counsel reminded
the jury of appellant’s public lewdness conviction and stated that there was no
evidence that appellant had ever used “force.” The jury, after beginning its
deliberations on guilt-innocence, sent out a question asking the court for the
definition of public lewdness. The court submitted a correct definition of public
lewdness to the jury with no objection from defense counsel.


 
          Appellant now asserts that the trial court, by providing the definition of public
lewdness, emphasized the conviction unduly, informed the jury about the specific
facts of the case, and commented on the weight of the evidence.
          When the trial judge responds substantively to a jury question during
deliberations, that communication essentially amounts to an additional or
supplemental jury instruction. Daniell v. State, 848 S.W.2d 145, 147 (Tex. Crim.
App. 1993). A trial court has broad discretion in submitting proper definitions to the
jury. Roise v. State, 7 S.W.3d 225, 242 (Tex. App.—Austin 1999, pet. ref’d). A trial
court is allowed to give a supplemental instruction if requested by the jury. See
Garza v. State, 55 S.W.3d 74, 77 (Tex. App.—Corpus Christi 2001, pet. ref’d)
(stating that, if prerequisites of article 36.16 are met, court may give supplemental
charge); Tex. Code Crim. Proc. Ann. art. 36.16 (Vernon Supp. 2004). The question
of whether the trial court erred by providing the jury with the correct statutory
definition of a prior conviction in response to a jury request is one of first impression
in this court. However, in Dodson v. State, a case decided by the Tyler Court of
Appeals, the defendant had a prior conviction for aggravated perjury, which was
presented to the jury in the form of a judgment and sentence. 699 S.W.2d 251, 256
(Tex. App.—Tyler 1985, no pet.). During the punishment phase, the jury sent a note
to the court asking, “[w]hat is aggravated perjury?” Id. (alteration in original). Over
defense counsel’s objection, the trial court provided the jury with the correct statutory
definition of aggravated perjury. Id. The court of appeals held that this was not error,
stating that “if the title of an offense is not self-explanatory to lay jurors, a correct
definition thereof is helpful and prevents speculation as to the meaning and character
of the prior offense.” Id. We find Dodson sufficiently analogous to this case and the
Tyler court’s reasoning persuasive. We hold that, when the jury has heard evidence
of a prior conviction, providing the jury with a statutorily correct definition of that
offense in response to a jury question is not error. We overrule appellant’s second
point of error.
3.       Ineffective Assistance of Counsel      
          In his third point of error, appellant argues that his trial counsel was ineffective
because he did not object to the supplemental charge defining the offense of public
lewdness. Because it was not error to provide the definition, counsel was not
ineffective for failing to object. Collum v. State, 96 S.W.3d 361, 367 (Tex.
App.—Austin 2002, no pet.) (“[C]ounsel does not render ineffective assistance of
counsel by failing to preserve an error that is not reversible.”).
          We overrule appellant’s third point of error. 
C. CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.

Publish. Tex. R. App. P. 47.2(b).