Opinion Issued October 8, 2009






 









In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00272-CR






ALFORD BRENT JEFFREY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 13th District Court

Navarro County, Texas

Trial Court Cause No. 31119





 M E M O R A N D U M O P I N I O N


 The trial court convicted appellant, Alford Brent Jeffrey, of assault causing
bodily injury; (1) the offense was enhanced because it involved a member of appellant's
family and because appellant had a prior conviction for a crime against a family
member. (2) The trial court assessed punishment at imprisonment for 10 years. 
Appellant's sole issue on appeal is that the evidence was legally and factually
insufficient to support his conviction. 

 We affirm.

Background

 On November 17, 2006, appellant called his estranged wife, Ladonna Jeffrey,
the complainant, and told her that he was going to kill her and that it was his life's
ambition to hurt her. Shortly thereafter, appellant entered the complainant's home
without an invitation. While in the complainant's home, appellant picked up a bar
stool and slammed it into the floor, punched or hit an entertainment center, threw
miscellaneous items around the living room and kitchen, shoved the complainant onto
a couch and demanded that she remove her clothes, and twisted the complainant's left
ankle or foot.

 During the struggle between appellant and the complainant, appellant
attempted to remove the complainant's boots, but was interrupted when the
complainant's home phone rang. Appellant allowed the complainant to leave the
room and to answer the phone. Moments after ending the telephone call, the
complainant, without appellant's knowledge, dialed 911 and left the line "open," but
the complainant did not speak into the phone. After the complainant dialed 911,
appellant required the complainant to return to the couch, and he resumed his efforts
to remove the complainant's boots. The arrival of a Navarro County Sheriff's deputy
interrupted appellant's efforts; when the sheriff's deputy arrived, appellant left the
house stating he was going to feed the horses. He returned to the house voluntarily
after approximately 30 minutes and was arrested. 

 Appellant waived his right to a jury trial. Deputy G. Hurley, the first sheriff's
deputy to arrive on the scene, testified that she did not see any visible injury to the
complainant's body, but she took a photograph of the complainant's foot and ankle
because the complainant believed they were injured. She then called for medical
assistance. Additionally, Deputy Hurley photographed the rooms of the
complainant's home in which the altercation occurred. Paramedic Jonathan Towles
responded to Deputy Hurley's request for medical assistance. He testified that he
noticed that the complainant's foot appeared to be swollen. 

 Complainant testified that appellant caused her pain when he twisted her foot
and ankle. Other witnesses for the State, Brande Rollins and the complainant's
daughter, Lauren Woldt, testified that the complainant's ankle was swollen and
bruised when they observed it later on the day of the assault and on subsequent days. 
 Counsel for appellant disputed this evidence by showing that the State's
witnesses were inconsistent when identifying the location and nature of the injury to
the complainant's foot and ankle. Appellant also disputed the charges against him
by questioning the State's witnesses about the condition of the room when the police
arrived. Appellant argued that the photographs admitted as evidence by the State
show the room in generally good order and that the State's photos of the
complainant's foot and ankle did not show any obvious signs of injury or bruising. 
Through discovery, appellant attempted to acquire a recording of the 911 call, but no
recording of this call exists. 

 The trial court found appellant guilty of assault causing bodily injury and
assessed punishment at 10 years' imprisonment.

Standard of Review

 In an appeal of a judgment rendered after a bench trial, the trial court's findings 
have the same weight as a jury verdict, and we review the legal and factual
sufficiency of the evidence just as we would review a jury's findings. Winkley v.
State, 123 S.W.3d 707, 711 (Tex. App.--Austin, 2003, no pet). 

 A legal sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Westbrook v. State, 29 S.W.3d
103, 111 (Tex. Crim. App. 2000). Although our analysis considers all of the evidence
presented at trial, we may not re-weigh the evidence or substitute our judgment for
that of the fact finder. King, 29 S.W.3d at 562.

 A factual sufficiency challenge begins with the presumption that the evidence
is legally sufficient. Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 
We review the factual sufficiency of the evidence by viewing all of the evidence in
a neutral light, and we will set the verdict aside if and only if (1) the evidence is so
weak that the verdict is clearly wrong and manifestly unjust or (2) the verdict is
against the great weight and preponderance of the evidence. Marshall v. State, 210
S.W.3d 618, 625 (Tex. Crim. App. 2006). The weight given to contradictory
testimonial evidence is within the sole province of the fact finder because it turns on
an evaluation of credibility and demeanor. Cain v. State, 958 S.W.2d 404, 408-09
(Tex. Crim. App. 1997). We may not reverse a lower court's decision simply because
we disagree with the result; we must defer to the finding of the lower court, and we
may find the evidence factually insufficient only when necessary to prevent a
manifest injustice. Id. at 407. In conducting a factual-sufficiency review, we view all
of the evidence in a neutral light. Id. at 408.

 In determining whether the evidence is factually insufficient, we may not
conclude that a conviction is "clearly wrong or manifestly unjust" simply because, on
the quantum of the evidence admitted, we would have voted to acquit. Watson v.
State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Rather, we must accord due
deference to the fact finder, who is in the best position to evaluate the credibility and
demeanor of witnesses. Marshall, 210 S.W.3d at 625. In determining whether the
verdict is against the great weight and preponderance of the evidence, we may not
declare that a conflict in the evidence justifies a new trial simply because we disagree
with the resolution of that conflict. Watson, 204 S.W.3d at 417. Before ruling that
evidence is factually insufficient to support a verdict, we must be able to say, with
some objective basis in the record, that the great weight and preponderance of the
evidence contradicts the verdict. Id. In conducting our review, we first address the
evidence that appellant claims most undermines the verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).Assault Causing Bodily Injury In his sole issue, appellant contends that the evidence was legally and factually
insufficient to convict him of assault causing bodily injury. When an appellant
challenges both the legal and factual sufficiency of the evidence, we first determine
whether or not the evidence was legally sufficient to support the verdict. Harmond
v. State, 960 S.W.2d 404, 406 (Tex. App.--Houston [1st Dist.] 1998, no pet.).

 The State charged appellant with assault causing bodily injury. See, TEX.
PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2008). The offense was enhanced
to a third degree felony because the offense involved a family member and because
appellant had a prior conviction for assault against a family member. See Id. at
§22.01(b)(2) (providing increased punishment for committing assault upon family
member following previous conviction for assault upon family member); see also
TEX. FAM. CODE ANN. § 71.003 (Vernon 2008) ("family member" includes former
spouses). (3) To prove assault causing bodily injury, the State must show that the
accused, while acting intentionally, knowingly, or recklessly, caused bodily injury to
another. TEX. PENAL CODE ANN. § 22.01(a)(1). "Bodily injury" is defined as
physical pain, illness, or any impairment of physical condition. Id. at § 1.07(a)(8). 
This definition of bodily injury is "purposefully broad and seems to encompass even
relatively minor physical contacts so long as they constitute more than mere offensive
touching." Lane v. State, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). 

A. Legal Sufficiency

 Appellant argues that the evidence was legally insufficient to support a
conviction for assault causing bodily injury because the photographs taken by 
Deputy Hurley do not support the verdict and because the State's witnesses provided
inconsistent testimony. Appellant notes that the photographs of the room in which
the assault took place show a room in generally good order. Appellant, however,
devotes particular attention to Deputy Hurley's photograph of the complainant's foot
and ankle, which appellant contends shows no sign of visible injury. Appellant also
argues that the testimony of Deputy Hurley and Jonathan Towles indicated that there
was no evidence of bruising. 

 The legal definition of "bodily injury" does not require a visible injury. See
TEX. PENAL CODE ANN. § 1.07(a)(8). Indeed, the "bodily injury" requirement may
be satisfied by showing that the victim suffered physical pain. Id.; see Allen v. State,
533 S.W.2d 352, 354 (Tex. Crim. App. 1976) (holding that physical pain caused by
defendant's kick to complainant's nose that resulted in swelling but no bleeding
constituted "bodily injury"); Lewis v. State, 530 S.W.2d 117, 118 (Tex. Crim. App.
1975) (holding that physical pain caused by twisting victim's arm was enough to
satisfy "bodily injury"). The testimony of the State's witnesses supported the trial
court's verdict that the complainant experienced pain, swelling, and bruising. Appellant relies on Lane v. State, contending that Lane limits the actions that
constitute "bodily injury." 763 S.W.2d 785. In Lane, the Court of Criminal Appeals
stated that "'[b]odily injury' is defined as 'physical pain, illness or any impairment
of physical condition.'" Id. at 786 (citing Act of May 25, 70th Leg., R.S., ch. 167, §
5.01(a)(43), 1987 Tex. Gen. Laws 1360 (amended 2003) (current version at Tex.
Penal Code Ann. §1.07(a)(8) (Vernon Supp. 2008)). It observed, "[t]his definition
appears to be purposefully broad and seems to encompass even relatively minor
physical contacts so long as they constitute more that mere offensive touching." Id. 
In Lane itself, the accused never touched the complainant; instead, the accused
grabbed the complainant's purse, causing the purse strap to bruise the complainant. 
The Texas Court of Criminal Appeals found this sufficient to constitute "bodily
injury." Id. We conclude, therefore, that Lane does not support appellant's argument
that the evidence in this case was legally insufficient to support his conviction.

 Viewing all the evidence in the light most favorable to the verdict, we conclude
that a rational trier of fact could have found, beyond a reasonable doubt, that
appellant committed assault causing bodily injury to the complainant. See King, 29
S.W.3d at 562; Westbrook, 29 S.W.3d at 111. Therefore, we hold that the evidence
is legally sufficient to show assault causing bodily injury.

B. Factual Sufficiency

 Appellant also contends that the evidence is factually insufficient to show that
he committed assault causing bodily injury. Specifically, appellant contends that the
evidence supporting the verdict is so weak, due to differing opinions on what the
photographs of the scene show and the inconsistent testimony of the State's
witnesses, that the verdict is clearly wrong and manifestly unjust. Appellant supports
his claim of factual insufficiency by emphasizing inconsistences in the State's
witnesses' testimony regarding the location and coloring of the bruising on the
complainant's foot and ankle and the condition of the house when the sheriffs'
deputies arrived. Texas law, however, does not require that all of the State's
witnesses testify consistently, or even that all the State's evidence support the State's
theory of the case. Elkins v. State, 822 S.W.2d 780, 783 (Tex. App.--Houston [14th
Dist.] 1992, writ ref'd). 

 The trial court's decision to convict appellant on the basis of the testimony of
the State's witnesses, in spite of conflicting statements about the location and
appearance of the bruising and the condition of the house, is not manifestly unjust
simply because the trial court resolved the conflicting testimony in favor of the State. 
See Cain, 958 S.W.2d at 410. The trial court, as the fact finder, may believe a witness
even though some of his or her testimony may be contradicted, and part of a witness's
testimony may be accepted while the rest is rejected. Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986). Thus, even acknowledging the existence of conflicting
evidence, the trial court's verdict is not against the great weight and preponderance
of the evidence. See Watson, 204 S.W.3d at 415.

 Thus, after examining all the evidence in a neutral light, we conclude that the
proof of guilt was not so weak that the verdict is clearly wrong or manifestly unjust;
nor is the contrary evidence of such great weight and preponderance that it
contradicts the trial court's verdict. See Watson, 204 S.W.3d at 414-15. Therefore,
we hold that the evidence was factually sufficient to support the trial court's verdict.

 We overrule appellant's sole issue. 

 

Conclusion

 We affirm the judgment of the trial court.








 

 Evelyn V. Keyes

 Justice


Panel consists of Justices Keyes, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).

 


 
1. See, Tex. Penal Code Ann. § 22.01 (Vernon Supp. 2008).
2. See, Tex. Penal Code Ann. § 22.01(f) (Vernon Supp 2008). Section 22.01(e) of the
Penal Code defines "Family" according to § 71.003 of the Family Code and
"Household" according to § 71.005 of the Family Code. See, Tex. Fam. Code Ann.
§§ 71.003, 71.005 (Vernon Supp. 2008).
3. Defendant's Exhibit 3 (divorce decree) indicates that the couple separated on October
26, 2006.