Opinion issued January 14, 2010



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00521-CR




EDWARD BURKS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 1119170




MEMORANDUM OPINION

          A jury convicted appellant, Edward Burks, of burglary of a habitation, and
assessed his punishment at fifteen years in prison.


 In his sole issue, appellant
argues that the trial court erred in denying his motion for instructed verdict.
          We affirm.Background
 
          At about 10:00 a.m. on June 1, 2007, John Persons observed appellant walking
up and down the street in front of his townhouse complex. Persons then saw
appellant behind his neighbor’s fence looking into the back windows of his
neighbor’s townhouse. Anticipating that appellant was about to break into his
neighbor’s home, Persons called the police. Subsequently, Persons heard a kicking
noise and observed appellant enter the townhouse. 
          After the police arrived and entered the residence through the back door,
Persons observed appellant exit the townhouse through the front door and swiftly
walk down the street. Jeremy Jump, a nearby business owner, also saw appellant
come out of the front door of the residence and runs from the scene. Both Jump and
Persons identified appellant at the scene. Shortly after appellant fled the residence,
police apprehended him and brought him back to the scene. Subsequently, police
found forty dollars in cash, a high school class ring, and roughly 30 to 40 foreign
coins on appellant’s person. At trial, Jump and Persons testified and again identified
appellant as the person they saw leave the residence.
          The complainant, John Pomeroy, testified that the above mentioned items
belonged to him and were located in his townhouse on June 1, 2007. 
          At the close of the State’s case in chief, appellant asked the trial court to
instruct a verdict of not guilty in his favor. Appellant asserted in his motion for
instructed verdict that the evidence was legally and factually insufficient because
there was no credible proof presented that he was guilty of burglary of a habitation
beyond a reasonable doubt. The trial court denied appellant’s motion for an
instructed verdict.
Motion for Instructed Verdict
          In his sole issue, appellant contends that the trial court erred by denying his
motion for instructed verdict. Although a challenge to an instructed verdict requires
only determination of legal sufficiency, appellant also argues factual insufficiency. 
Specifically, appellant argues that the evidence was legally and factually insufficient
to support his conviction for burglary of a habitation.
          A.      Standard of Review
          A challenge to the trial court’s ruling on a motion for an instructed verdict is
a challenge to the legal sufficiency of the evidence to support the conviction. 
Canales v. State, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003); Madden v. State, 799
S.W.2d 683, 686 (Tex. Crim. App. 1990).
          In assessing legal sufficiency, we view the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Hooper v. State, 214
S.W.3d 9, 13 (Tex. Crim. App. 2007). We may not re-evaluate the weight and
credibility of the evidence and substitute our judgment for that of the jury. Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). If there are any inconsistencies
in the evidence, we must resolve them in favor of the verdict. Curry v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000).
          In conducting a factual sufficiency analysis, we view all of the evidence in a
neutral light to determine whether the great weight and preponderance of the legally
sufficient evidence contradicts the verdict. Watson v. State, 204 S.W.3d 404, 417
(Tex. Crim. App. 2006). We will set aside the verdict only if (1) the evidence is so
weak that the verdict is clearly wrong and manifestly unjust, or (2) the verdict is
against the great weight and preponderance of the evidence. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000). Under the first prong of Johnson, we cannot
conclude that a conviction is “clearly wrong” or “manifestly unjust” simply because
we would have voted to acquit had we been on the jury. Watson, 204 S.W.3d at 417. 
The fact finder alone determines what weight to give contradictory evidence because
that determination depends on the fact finder’s weighing of credibility and demeanor.
Cain v. State, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997). Under the second
prong of Johnson, we cannot declare that a conflict in the evidence justifies a new
trial simply because we disagree with the jury’s resolution of that conflict. Watson,
204 S.W.3d at 417. Before concluding that evidence is factually insufficient to
support a verdict under the second prong of Johnson, we must be able to say, with
some objective basis in the record, that the great weight and preponderance of the
evidence contradicts the jury’s verdict. Id.B.Analysis
          A person commits the offense of burglary if, “without the effective consent of
the owner, the person . . . enters a habitation . . . with intent to commit a felony, theft,
or an assault; or . . . enters a building or habitation and commits or attempts to commit
a felony, theft, or an assault.” Tex. Penal Code Ann. § 30.02(a) (Vernon 2009). A
person commits a theft if “he unlawfully appropriates property with intent to deprive
the owner of property.” Id. § 31.03(a) (Vernon 2009).
          Here, examining the evidence in the light most favorable to the verdict, the
State’s evidence was legally sufficient to establish appellant’s guilt. Persons testified
that he saw appellant four times during the time the burglary took place: he saw
appellant walk up the stairs and look through the windows of the complainant’s
house; he observed appellant go toward the back of the complainant’s home and go
over the back fence; he witnessed appellant kick the complainant’s french doors
several times before gaining access to the house; and he saw appellant exit the
complainant’s home from the front door after the police entered the house via the
french doors in the rear of the property. Similarly, Jump, who owns a garage directly
across the street from the complainant’s home, testified that he observed appellant
exiting the complainant’s front door immediately after police entered the back door
of the property.
          Both Jump and Persons identified appellant at the scene and at trial as the man
they observed exiting the complainant’s home after the police arrived. The
complainant testified that a high school class ring and roughly 30 to 40 foreign coins
found on appellant’s person belonged to him. Thus, a rational trier of fact could have
found beyond a reasonable doubt that appellant entered the complainant’s home
without consent and committed a theft. See Tex. Penal Code Ann. §§ 30.02(a),
31.03(a); Poncio v. State, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006) (holding that
defendant’s unexplained possession of property recently stolen in burglary permits
inference that defendant committed burglary); Jackson v. State, 12 S.W.3d 836, 839
(Tex. App.—Waco 2000, pet. ref’d) (holding that evidence that accused exercised
control over property without consent of owner, intending to deprive him of it, and
unexplained possession of recently stolen property establish offense of theft). 
          Appellant argues that the evidence was insufficient to convict him because his
fingerprints were not lifted from any property. However, this argument focuses on
what was not in evidence rather than the evidence that was actually admitted at trial,
which is what we must rely upon in performing a legal sufficiency review. See
Hooper, 214 S.W.3d at 13 (holding that we must view evidence in light most
favorable to verdict). Appellant also argues that the coins and ring were not entered
into evidence. However, it is well settled that the identity and ownership of stolen
property may be established by circumstantial evidence or by testimony. See Jordan
v. State, 707 S.W.2d 641, 644–45 (Tex. Crim. App. 1986); see also Jones v. State,
458 S.W.2d 89, 91–92 (Tex. Crim. App. 1970) (stating “[A]rticles in an accused’s
possession may be identified by circumstantial evidence as well as by direct
testimony. If it appears it or they correspond with articles that were stolen, the
question may go to the jury.”).
          The evidence was also factually sufficient to support appellant’s conviction for
burglary. Appellant argues that there was a discrepancy between the testimony of
police officer D. Dotson and the complainant. Specifically, Officer Dotson testified
there was broken glass where appellant obtained entry, while the complainant
maintained that there was no broken glass at the point of entry. Appellant also
alleged that there were discrepancies in the testimony of Officer Dotson, Persons, and
Jump regarding the process used to identify appellant. Both Persons and Jump
testified that they signaled to the K-9 officer regarding the identity of appellant, while
Officer Dotson testified that both Persons and Jump signaled to him. However, Texas
law does not require that all of the State’s witnesses testify consistently, or even that
all of the State’s witnesses support the State’s theory of the case. Elkins v. State, 822
S.W.2d 780, 783 (Tex. App.—Houston [14th Dist.] 1992, pet. ref’d). A holding is
“not manifestly unjust merely because the jury resolved conflicting views of the
evidence in favor of the State.” Cain, 958 S.W.2d at 410; see also Watson, 204
S.W.3d at 417 (stating “an appellate court judge [may not] declare that a conflict in
the evidence justifies a new trial simply because he disagrees with the jury’s
resolution of that conflict.”).
          The conflicting evidence here is not so strong that the verdict is against the
great weight and preponderance of the evidence. See Beckham v. State, 29 S.W.3d
148, 151–52 (Tex.App.—Houston [14th Dist.] 2000, pet. ref’d) (holding that conflicts
in testimony “do not destroy the sufficiency of the evidence” and that it is exclusive
duty of jury to resolve contradicting evidence and testimony). The State’s evidence
was not so obviously weak or contrary to the great weight and preponderance of the
evidence as to be deemed factually insufficient. See Johnson, 23 S.W.3d at 11.
          Because we conclude that the evidence was sufficient to support appellant’s
conviction for burglary, we hold that the trial court properly denied appellant’s
motion for instructed verdict. See Canales, 98 S.W.3d at 693.
          We overrule appellant’s sole issue.
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
 
                                                             Evelyn V. Keyes
                                                              Justice
 
Panel consists of Justices Keyes, Alcala, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).