**Eddie Ray BYRD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41087.**

Court of Criminal Appeals of Texas.

March 13, 1968.

Rehearing Denied May 8, 1968.

Second Rehearing Denied June 5, 1968.

R. E. McDaniel, Winnie (By Appointment), LeRoy McCall, Hamshire (By Appointment), for appellant.

W. G. Woods, Jr., Dist. Atty., Liberty, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for murder; the punishment, death.

The case against appellant was one of circumstantial evidence.

It was shown by the state's testimony that on November 15, 1966, the deceased, a route salesman for a potato chip company, was found to be missing after he had taken orders and gone out the back door of a Minimax store in Winnie, Chambers County.

The following day the deceased's body was found lying in an irrigation canal on the North Winnie Road some 2.5 miles from the store.

An examination of the body revealed seven entrance bullet wounds, and it was apparent that the deceased had been murdered. Six slugs or bullets were removed from the body.

On December 24, 1966, appellant was arrested in Beaumont for a traffic violation while sitting in his 1959 Ford station wagon, which was blocking a driveway leading into a parking lot contrary to a city ordinance.

It was further shown, in the jury's absence, that the officer had also been advised of a pick-up order issued out of Hardin County for a colored man meeting appellant's description in an armed-robbery and an assault-with-intent-to-murder charge.

On December 27, 1966, appellant executed a written consent to a search of his 1959 Ford station wagon and, in the search which followed, the officers found under a mat on the front floorboard a .32 calibre pistol belonging to appellant. It was shown by the testimony of a ballistics expert that two of the slugs removed from the deceased's body were fired from the pistol.

Over appellant's objection, the state was permitted to introduce in evidence before the jury, as state's exhibits 21 and 22, two written warnings given appellant, on December 25, by Justice of the Peace J. M.

Bowman, of Precinct No. 2, Hardin County, in connection with two accusations against appellant for the offenses of "robbery by firearms" and "assault and attempt to murder."

Appellant's objections to the two exhibits were on the ground that such instruments showed extraneous offenses and did not pertain to the offense for which he was being tried.

There is nothing in the record which shows any connection between the two charges and offenses in Hardin County and the offense of murder in Chambers County for which appellant was on trial.

In admitting the two exhibits in evidence over appellant's objection, the court fell into error.

Recently, in Hafti v. State, Tex.Cr.App., 416 S.W.2d 824, this court said:

"It is a fundamental rule of law that one accused of crime is to be tried for the offense charged and none other. Proof, then, of the commission by the accused of other and extraneous crimes becomes admissible only as an exception to the rule stated.

"Exceptions to the rule are recognized where the extraneous crime is a part of the res gestae, or tends to show intent or identity, when either or both are an issue, or tends to connect the defendant with the offense for which he is upon trial. 1 Branch 2d 200, Sec. 188."

Under the record in this case, no exception exists which authorized proof of the extraneous charges or offenses against appellant in Hardin County.

We are unable to agree with the state's contention that the two warnings in Hardin County were admissible before the jury to show a legal arrest of appellant and search of his vehicle.

Nor were the warnings admissible to show a valid confession in the case, as no confession was offered by the state.

Under the record, we cannot say that the proof of extraneous offenses did not harm the appellant.

For the error pointed out, the judgment is reversed and the cause is remanded.

## OPINION
## ON STATE'S MOTION FOR RE-HEARING

MORRISON, Judge.

We have re-examined this record with care in the light of the State's contention that it was the appellant who first inquired as to the extraneous offenses discussed in our original opinion. We find that in the presence of the jury the following colloquies were had involving appellant's counsel:

"Q. That is the next time you saw him (referring to appellant)?

A. No, we were with him that night in investigating another offense."

and

"Q What did you see him (appellant) about in Hardin County for?

A. I wanted to talk to him about some more offenses."

These questions, we have concluded, did not authorize the introduction into evidence of the warnings discussed in our original opinion.

It is apparent that the prosecution was mislead by the court, who stated at the time the warnings were first offered in evidence that it made no difference as to

897

whether or not the State excised therefrom the designation of the offense for which appellant was charged in the extraneous offenses.

The State's motion for rehearing is overruled.