Warren S. SCHOIER, alias Max Frank
Chandler, Appellant,

v.

The STATE of Texas, Appellee.

No. 44953.

Court of Criminal Appeals of Texas.

May 24, 1972.

Lee P. Ward, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James C. Larkin, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of rape; punishment was assessed by a jury at 25 years.

The sufficiency of the evidence is not challenged. Suffice it to say that appellant entered the home of prosecutrix upon the pretext of looking at an apartment she had for rent. He then raped her by the use of force and threats.

The record reflects that the offense occurred on March 24, 1966. Appellant was arrested in California two months later and returned to Texas.

On July 10, 1967, jury selection began for the trial of this case and such jury was qualified on the death penalty. At this

trial the court submitted to the jury only the issue as to appellant's mental competency to stand trial.[1] The jury found that appellant was insane at the time of trial (July 14, 1967) and further found that he required hospitalization.

The appellant was sent to the Rusk State Hospital where he remained, receiving treatment, until he was certified back to the court as sane on June 20, 1969. His sanity was restored on November 12, 1969.

On December 15, 1969, the state filed a motion to withdraw the notice to seek the death penalty and jury selection began. The appellant was convicted and brings this appeal.

Seven grounds of error are alleged, the first complaining of the trial court's overruling a "Motion for Special Venire and Copy of the Names of All Veniremen Summoned . . ."

 The state having withdrawn the notice of intent to seek the death penalty, this is not a capital case and we need not consider the alleged error in overruling the motion. Also, since the case became non-capital, there was no requirement to furnish a "copy of the names of all veniremen summoned," pursuant to Article 34.04, Vernon's Ann.C.C.P.

In Smith v. State, Tex.Cr.App., 455 S. W.2d 748, at page 753, this court stated:

"We, therefore, hold that when the State has failed to give the prescribed written notice as required by Article 1.14, supra (V.A.C.C.P.), that it will seek the death penalty, *or has withdrawn such notice, already given*, and announces ready and goes to trial before a jury, such action is tantamount to making it known to the court that the State will not qualify the

jury on, or seek the death penalty. Clearly under such circumstances, while the nature of the offense does not change, the case becomes a non-capital case as to the accused and the provisions of Article 34.04, supra (V.A.C.C.P.), *has no application to such case.*" (Emphasis supplied.)

By his second and third contentions, appellant alleges reversible error was committed in his July 1967 trial. He argues that the jury was qualified on the death penalty and his sanity issue as of the date of the offense was not submitted to the jury.

 By urging these grounds of error, appellant overlooks the fact that no appeal lies from a judgment rendered in a preliminary trial on the issue of insanity.[2] Martin v. State, Tex.Cr.App., 475 S.W.2d 265; Taylor v. State, Tex.Cr.App., 420 S. W.2d 601; Pena v. State, 167 Tex.Cr.R. 406, 320 S.W.2d 355; Ex parte Hodges, 166 Tex.Cr.R. 433, 314 S.W.2d 581.

 Appellant's fourth ground of error asserts that he was placed in "double jeopardy in being put to trial twice for the same offense."

Article 46.02, Section 2(h), V.A.C.C.P., provides:

"A mistrial under the provisions of this section shall not serve to bar a subsequent trial and conviction for the same offense, and no jeopardy shall be considered as having attached in the event the defendant is found to be presently insane and a mistrial is declared by reason thereof, irrespective of the manner in which the issue is raised."

 The fifth and sixth grounds of error complain that the trial court allowed

---

1. It appears that the court followed the procedure recommended in Townsend v. State, Tex.Cr.App., 427 S.W.2d 55, and Morales v. State, Tex.Cr.App., 427 S.W. 2d 51.

2. Even so, no harm is shown. The jury found what he was contending, namely,

that he was insane. And the record does not reveal any evidence which would support the charge on insanity as of the time of the alleged offense. See Article 46.02, Section 2(c) (1), V.A.C.C.P.

testimony as to the future status of appellant's mental condition and such is supported by a note of inquiry from the jury to the court.

These contentions fail to comply with Article 40.09, Sec. 9, V.A.C.C.P., and will not be considered. Appellant cites no authority to support these grounds of error and the same are not briefed.

■ Finally, appellant complains of admission in evidence of his fingerprints taken while in custody during trial.

In Tea v. State, Tex.Cr.App., 453 S.W. 2d 179, this court held that:

"The taking of fingerprints for identification purposes does not constitute a violation of the accused's rights under the Fifth Amendment. Branch v. State, Tex.Cr.App., 445 S.W.2d 756; Harrington v. State, Tex.Cr.App., 424 S.W.2d 237, and cases cited. See also Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908."

See also Martin v. State, Tex.Cr.App., 463 S.W.2d 449; Rinehart v. State, Tex.Cr. App., 463 S.W.2d 216; Gordon v. State, Tex.Cr.App., 461 S.W.2d 415.

There being no reversible error, the judgment is affirmed.