**John Lee BALLARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45478.**

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

C. W. Lloyd, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Vic Pecorino, Asst. Dist. Attys., Houston, Jim D. Vollers, State's

---

1. The amendment to Article 802f, Vernon's Ann.P.C., was effective June 7, 1971.

725

Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

Robert Lee **HOLT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45484.

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by assault. The punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life.

The indigent appellant was represented in the trial court and on his appeal by appointed counsel.

The appellant's counsel has filed a brief concluding that "counsel for appellant is unable, in good faith, to urge upon this court any points of error that would require the reversal of appellant's conviction" and further, that "appellant's appeal is of a frivolous nature."

In compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and Gainous v. State, 436 S.W. 2d 137 (Tex.Cr.App.1969), appellant presents one arguable ground of error. Appellant contends that the taking of his fingerprints during the punishment phase of his trial for comparison purposes "forced him to testify against himself." This contention is without merit. This court has held in numerous cases that fingerprints may be taken at the time of trial for comparison purposes. Gage v. State, 387 S.W.2d 679 (Tex.Cr.App.1964); Villareal v. State, 468 S.W.2d 837 (Tex.Cr.App.1971) and the cases cited therein.

The record before us has been examined and we find that the appeal is frivolous and it further appears that appellant has been served with a copy of appellant's brief. Appellant has filed no pro se brief urging other grounds of error.

We find full compliance with the requirements of Anders v. California, supra and Gainous v. State, supra.

The judgment is affirmed.

Opinion approved by the Court.