Eddie Ray BYRD, Appellant,

v.

The STATE of Texas, Appellee.

No. 45811.

Court of Criminal Appeals of Texas.

March 14, 1973.

Rehearing Denied June 6, 1973.

Elmo R. Willard, III, Beaumont, for appellant.

John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment, one thousand years imprisonment.

The appellant's first ground of error complains of the admission into evidence of two photographic exhibits which he contends "failed to solve . . . any disputed issues" and were prejudicial to the appellant's rights. One is a black and white, and the other a colored photograph

of the victim of the robbery. These photographs show her in a hospital bed with her head and a portion of her face, hands and arms bandaged. They also depict a bruised and swollen condition around one eye and a cut and bruised lip.

This court has recently written at length on similar contentions in Martin v. State, 475 S.W.2d 265 (Tex.Cr.App.1972); Lanham v. State, 474 S.W.2d 197 (Tex.Cr. App.1971) and Terry v. State, 491 S.W.2d 161 (Tex.Cr.App.1973). In the latter case it was said:

> "Photographs are admissible in evidence on the theory that they are pictorial communications of a witness who uses them instead of, or in addition to, some other method of communication. Thus, they are admissible on the same grounds and for the same purposes as are diagrams, maps, and drawings of objects or places, and the same rules of admissibility applicable to objects connected with the crime apply to photographs of such objects. This is true whether they are originals or copies, black and white or colored. So, a photograph, proved to be a true representation of the person, place, or thing which it purports to represent, is competent evidence of those things of which it is material and relevant for a witness to give a verbal description."

The cited cases furnish ample authority for holding that there was no abuse of discretion in admitting into evidence the photographs in this case.

The appellant's second ground of error is "The appellant's rights under the Sixth and Fourteenth Amendments to the Constitution of the United States were violated when the State introduced testimony during the punishment phase of the trial concerning a conversation with the State's witness and the appellant held out of the presence of the appellant's counsel."

During the hearing relating to the punishment to be assessed by the jury, the only witness called was an investigator for the office of the District Attorney of Jefferson County. That witness was qualified as an expert in the field of fingerprint identification. His testimony was used in laying a predicate for the introduction of certain Texas Department of Corrections' records concerning the appellant's prior convictions. After this testimony had been given and the exhibits admitted into evidence the witness was asked whether or not he had a conversation with appellant during the time he was taking the appellant's fingerprints on the morning before the hearing on punishment began. When interrogated by the prosecutor as to the nature of that conversation, the witness said "I told him (the appellant) that I thought we would come in here and ask for approximately one thousand years." The prosecutor then inquired "And what did he have to say to that?" No objection was made and the witness answered that appellant told him "He didn't really care, he could do that as well as he could do his one hundred and one years." Without any further questions being asked, both the State and the defense rested and closed.

The appellant has made no claim that his rights under Article 38.22, Vernon's Ann. C.C.P. or the Fifth Amendment to the Constitution of the United States have been violated. The claim for reversal is based upon the Sixth and Fourteenth Amendments to the Constitution of the United States. The appellant urges that the admission into evidence of testimony regarding the statement made by him while his counsel was not present violated those rights and he relies upon Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) and Spano v. New York, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed. 2d 1265 (1959).

In Massiah v. United States, supra, it was said:

> "Here we deal not with a state court conviction, but with a federal case, where the specific guarantee of the

Sixth Amendment directly applies . . . We hold that the petitioner was denied the basic protections of that guarantee when there was used against him at his trial evidence of his own *incriminating* words, which federal agents had *deliberately elicited* from him after he had been indicted and in the absence of his counsel." (emphasis supplied).

In Spano v. New York, supra, Spano's argument that all statements made after indictment in the absence of counsel were inadmissible, was rejected. There the court decided the case upon the "traditional principles" that a totality of the circumstances showed the confession to be involuntary.

Neither of these cases is authority for reversal of this case.

■■■ The appellant was represented by appointed counsel upon all phases of his trial. At the time the testimony was offered, no objection was made. The record does not reveal whether the appellant's counsel was or was not present at the time the statement was made by him while being fingerprinted.[1] In his motion for new trial this contention was not urged and consequently no evidence was then adduced to show whether counsel was or was not present. The statement is not in the nature of a confession. It is neither inculpatory nor exculpatory; it is not material to any issue. It was not shown to be the product of interrogation, but appears to have been a spontaneous and voluntary statement.[2] The record does not reveal an error of constitutional dimensions or one which should result in a reversal of the conviction.

No objection was leveled against the admission of the testimony concerning the statement that it was immaterial. Such an objection, if it had been made, should, and quite likely would have been sustained.

■■■ The appellant argues in his brief that the use of the statement permitted the jury to believe "that the appellant had at least tacitly agreed to accept the term of one thousand (1,000) years as his punishment." It is to be remembered that the evidence in this case shows that the appellant and the injured party were acquainted before the robbery and that there was inflicted upon the victim a brutal beating resulting in great bodily injury and suffering, including the loss of six teeth and permanent loss of the sight of one eye. The record also shows that at the punishment stage of the proceeding, prior convictions, including one for which the appellant was serving a term of one hundred and one years, were introduced into evidence.[3] All of these are factors which the jury was authorized to consider in assessing the punishment. The views of this court have already been made known on the assessment of long, impossible terms such as the one in this case. See Sills v. State, 472 S. W.2d 119 (Tex.Cr.App.1971).

The judgment is affirmed.

Opinion approved by the Court.

ONION, P. J., concurs in the results on the ground that there was no objection to the complained of testimony.

1. It was not improper to obtain the appellant's fingerprints at the time of trial in order that they could be used for comparison purposes in connection with proof of prior convictions. Ballard v. State, 487 S.W.2d 724 (Tex.Cr.App. 1972) ; Schoier v. State, 480 S.W.2d 657 (Tex.Cr.App.1972) ; Villareal v. State, 468 S.W.2d 837 (Tex.Cr.App.1971) and Gage v. State, 387 S.W.2d 679 (Tex.Cr. App.1964).

2. We note that, at the guilt-innocence stage of the proceeding, a written extrajudicial statement made by the appellant was admitted in evidence. When that statement was given, the appellant had been advised of his constitutional rights by a magistrate and by the officer to whom the statement was given.

3. See Byrd v. State, 456 S.W.2d 931 (Tex. Cr.App.1970) ; and also see Byrd v. State, 427 S.W.2d 894 (Tex.Cr.App. 1968).