Willie Lee NOLAN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 07–81–0003–CR.

Court of Appeals of Texas, Amarillo.

Oct. 30, 1981.

Jim Pete Hale, Brownfield, for appellant.

Warren G. Tabor, Jr., Asst. County Atty., Levelland, for appellee.

Before REYNOLDS, C. J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Appellant Willie Lee Nolan, Jr. appeals from his conviction for burglary of a building with intent to commit theft. A jury found appellant guilty of the offense, and the court assessed his punishment, enhanced by two prior felony convictions, at confinement for life. We affirm.

The conviction resulted from these recorded circumstances. In the early morning hours of 26 March 1979, a caller notified the Brownfield police department that she had observed a lone figure approaching a window of the Pioneer gas station at 8th and Main in the city. Acting on the call, Sergeants Walker and Key went to the gas station to investigate.

The building was closed and locked. Sergeant Key saw a broken window on the south side, at the rear, of the building. Sergeant Walker looked through a west-side window into the building and saw a man lying on the floor.

After the station manager arrived and admitted the officers into the building, they approached the man seen by Sergeant Walker. The man, who was identified as appellant by both officers, was lying behind a chair some forty feet from the broken window. Beneath the window, a large rock was found.

When appellant, appearing to the officers to be intoxicated, failed to respond to an order to stand, he was picked up. Upon being picked up, appellant said that two white boys had thrown him through the window into the building. However, both officers noticed that appellant had no injuries, cuts or particles of glass on his person, and each observed that it would have been impossible for appellant to have been forcibly thrown through the window.

The initial challenge to the conviction is that the court erred in failing to grant appellant's motion for instructed verdict, made after all parties had closed, because the State's attorney failed to read to the jury the indictment's concluding phrase "against the peace and dignity of the State." [1] The failure, to which appellant

---

1. Appellant is not entitled to relief by his reliance on the *Sheeley v. State*, 530 S.W.2d 108 (Tex.Cr.App.1975), *cert. denied*, 425 U.S. 980, 96 S.Ct. 2187, 48 L.Ed.2d 807 (1976), holding that the omission of the concluding phrase "against the peace and dignity of the State" renders an indictment fundamentally defective, or on the *Boening v. State*, 422 S.W.2d 469 (Tex.Cr.App.1967), holding that the failure to read the indictment constitutes reversible error.

voiced no objection at the time the indictment was read, prevented, so appellant argues, the joinder of any issue between the State and appellant. We do not agree.

It has been established that a misreading of the indictment without objection at that time is not reversible error. *Craig v. State*, 480 S.W.2d 680, 684–85 (Tex.Cr. App.1972). Moreover, where the accused was arraigned prior to trial and fully apprised of the charging portion of the indictment, as appellant was here, it is not error to omit before the fact finder a recital of the commencing and concluding phrases of the indictment. *Jackson v. State*, 488 S.W.2d 451, 452 (Tex.Cr.App.1972).

In connection with appellant's argument that the omission prevented the joinder of any issue, it should be observed that the requirement that the indictment be read to the jury, mandated by Tex.Code Crim.Pro.Ann. art. 36.01(1) (Vernon 1981), is to inform them in precise terms of the particular charge laid against the defendant on trial. The defendant's plea thereto makes the issue. *Johnson v. State*, 118 Tex.Cr.R. 291, 42 S.W.2d 782 (1931). The record before us reflects that the jury was fully informed in this respect, and appellant's not guilty plea joined the issue. The first ground of error is overruled.

At the penalty stage of the bifurcated trial before the court sans jury, the State, without first reading the enhancement portion of the indictment and obtaining appellant's plea, evidenced that appellant previously had been twice convicted of burglary as alleged in the indictment. Raising the omissions for the first time in his motion for new trial and arrest of judgment, appellant contends that, absent the

reading and his plea, the court erred in entering judgment and sentencing him. We disagree.

There is no requirement for the reading of the enhancement portion of an indictment to the defendant and receiving his plea thereto in the penalty stage of a bifurcated trial before the court alone.[2] *Reed v. State*, 500 S.W.2d 497, 499 (Tex.Cr.App. 1973). Had appellant been troubled enough at the time of the omissions to offer an objection, he could have been accommodated by the reintroduction of the evidence after the enhancement portion of the indictment was read and he had entered his plea.[3] *Id.* at 499. The second ground is overruled.

Next, appellant contends that he is entitled to an acquittal because the State, having introduced his exculpatory statement that two white boys had thrown him through the window into the building, failed to disprove it. He seeks to validate the contention with the rule that where the State introduces the accused's statement which exculpates him and does not disprove it, the accused is entitled to an acquittal. *See, e.g., Palafox v. State*, 608 S.W.2d 177, 181 (Tex.Cr.App.1979). The rule, as worded, is not automatic and, under this record, appellant may not invoke it.

To invoke the rule, it first must be established that the statement amounts to an admission of guilt plus an assertion which would exculpate or exonerate the accused from the crime charged. *Id.* at 181. If, however, the accused makes no admission of guilt and his statement is entirely exculpatory, *i.e.*, clearing or tending to clear him from fault or guilt, the rule may not be invoked. *Id.* n. 4 at 181. Here, appellant's statement is entirely exculpatory; there is

Neither holding is applicable here for the reasons that the indictment contains the required concluding phrase and the indictment was, except for the utterance of its concluding phrase, read to the jury.

**2.** If punishment is to be assessed by the jury, the enhancement portion of an indictment is not read to the jury until the hearing on punishment, at which time the defendant must plead anew, Tex.Code Crim.Pro.Ann. arts. 36.01 and

37.07 (Vernon 1981), preferably "true" or "not true." *Brumfield v. State*, 445 S.W.2d 732, 739 (Tex.Cr.App.1969).

**3.** At the penalty stage before the court, the better and accepted practice is to read the enhancement portion of the indictment to the defendant and receive his plea before evidence is received. *Reed v. State*, 500 S.W.2d 497, 499 (Tex.Cr.App.1973).

no admission by appellant of doing the acts which constitute the gravamen of burglary with intent to commit theft. Accordingly, appellant was not entitled to an acquittal on this theory. *Accord, Swink v. State,* 617 S.W.2d 203, 208–09 (Tex.Cr.App.1981). The third ground of error is overruled.

Appellant utilizes his fourth through seventh grounds of error to complain of the court's actions following the State's objection and jury argument during the guilt-innocence stage of trial. Under the record, we perceive no reversible error.

In his jury argument, appellant's counsel, proposing there was no evidence that appellant knowingly entered or made a willful entry into the building, referenced appellant's "extreme state of intoxication" to the query whether he knowingly entered the building. The State's attorney objected, stating that intoxication is no defense to a crime. After the court remarked, "That is true," the court instructed the jury to disregard the prosecutor's comment about intoxication and not to consider it for any purpose, but denied appellant's motion for a mistrial.

Appellant takes the position that the prosecutor advised the jury of a point of law not set out in the charge and prejudiced appellant in his argument that by reason of intoxication, he did not have the necessary intent to commit theft. The position is not well taken.

■■■ There is no error in going beyond the court's charge; error lies in stating law contrary to the same, *Daywood v. State,* 157 Tex.Cr.R. 266, 248 S.W.2d 479, 484 (1952), but there is no error here. Under this record, the prosecutor's challenged statement correctly stated the law. Tex.Penal Code Ann. § 8.04(a) (Vernon 1974). Therefore, appellant's voluntary intoxication could not negate the existence of an element of the offense. *Blott v. State,* 588 S.W.2d 588, 592 (Tex.Cr.App.1979); *Cohron v. State,* 413 S.W.2d 112, 115 (Tex.Cr.App. 1967). It follows that there was no error in overruling appellant's motion for mistrial.

■■■ No more tenable is appellant's complaint that the court erred in affirmatively responding to the prosecutor's statement. There was no objection to the court's response and, absent an objection, no error is presented, *Hovila v. State,* 562 S.W.2d 243, 249 (Tex.Cr.App.1978), *cert. denied,* 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979), especially since the response was not fundamentally erroneous. *Dempsey v. State,* 387 S.W.2d 891, 893 (Tex.Cr.App. 1965).

■■■ After referring to the court's charge on circumstantial evidence and reviewing the evidence, the prosecutor argued that there is no other evidence of any other reasonable explanation or reasonable hypothesis for appellant being in the building except to commit theft. Appellant objected that the prosecutor was alluding to the fact that he did not testify, and moved for a mistrial. His objection and motion were overruled.

We cannot agree with appellant that the court erred in failing to grant a mistrial. In context, the argument merely was the prosecutor's opinion of the evidence and its application under the charge of the court, which he was entitled to express. *Ramos v. State,* 419 S.W.2d 359, 368 (Tex.Cr.App. 1967). Furthermore, it is not sufficient, to afford the relief appellant seeks, that the argument might be construed as an implied or indirect reference to his failure to testify; to justify the relief, the language used must, from the jury's viewpoint, necessarily imply that appellant failed to testify. *Arivette v. State,* 513 S.W.2d 857, 864 (Tex.Cr. App.1974). But, in context, the argument reasonably cannot be viewed as directing attention to the failure of the appellant to testify.

■■■ Appellant also complains of the court's failure to grant his motion for mistrial after the prosecutor argued that when appellant was caught in the building, the only thing he could do was play possum. Appellant characterizes the argument as an expression of the prosecutor's own opinion of his guilt and the submission of unsworn testimony. We find no error in the court's action.

Considered in its proper setting, the argument amounts to no more than his opinion of the evidence, *Ramos v. State, supra,* at 368, and his reasonable deduction of what the evidence shows is permissible. *Van Skike v. State,* 388 S.W.2d 716, 719 (Tex.Cr. App.1965). Grounds four through seven are overruled.

We detect no substance to appellant's eighth ground of error by which he contends, without supporting authority, the court erred in forcing him to be fingerprinted and admitting the fingerprints into evidence. It is settled that fingerprints may be taken from a defendant at the time of trial for comparison purposes without violating his privilege against self-incrimination. *Ballard v. State,* 487 S.W.2d 724, 725 (Tex.Cr.App.1972). The ground is overruled.

Appellant challenges the sufficiency of the evidence to sustain his conviction. Specifically, he contends there is insufficient evidence to warrant a finding that he possessed the intent to commit theft or that he knowingly entered the building.

The burglarious entry may be proved by either direct or circumstantial evidence. *Jones v. State,* 458 S.W.2d 89, 91 (Tex.Cr.App.1970). The active commission of a theft is not a prerequisite to the commission of burglary. *Phillips v. State,* 538 S.W.2d 116, 117 (Tex.Cr.App.1976).

Where it is shown, as here, that the defendant was found on the burglarized premises in the nighttime after closing hours without the owner's consent, the evidence is sufficient for the jury to infer that he intended to commit theft. *Alvarado v. State,* 596 S.W.2d 904, 906 (Tex.Cr.App. 1980). The jury rejected appellant's justification for being in the building, as was its prerogative, *Anaya v. State,* 500 S.W.2d 809, 810 (Tex.Cr.App.1973), and its finding of intent to commit theft will not be disturbed where it is not evidenced that the entry was made with any other intent. *Stearn v. State,* 571 S.W.2d 177, 178 (Tex. Cr.App.1978).

We conclude the evidence is sufficient to sustain the conviction. Ground of error nine is overruled.

By a pro se brief, appellant maintains that he was denied reasonably effective assistance of counsel at trial. We have reviewed the entire record, as we must, to gauge the adequacy of counsel by the totality of the representation. *Lee v. State,* 505 S.W.2d 816, 819 (Tex.Cr.App.1974). Having done so, we find that appellant's contention cannot be sustained because his assertions are not "firmly-founded," and the record does not otherwise affirmatively demonstrate counsel's ineffectiveness. *Johnson v. State,* 614 S.W.2d 148, 149 (Tex.Cr.App. 1981).

The judgment is affirmed.