NO. 07-09-0309-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                                 JULY
19, 2010

                                            ______________________________

 

                                                       KIM RENAY PROVENCE, 

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

                                                                                                            Appellee

                                         _________________________________

 

                       FROM THE 320TH DISTRICT
COURT OF POTTER COUNTY;

 

                                NO.  59,414-D; HON. DON EMERSON, PRESIDING

                                           _______________________________

 

Memorandum Opinion

_______________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK,
JJ

            Kim Renay
Provence (appellant) appeals her conviction for driving while intoxicated.  Punishment for the offense was enhanced to
that of a second degree felony due to her prior conviction of a felony.  Through a single issue, she now contends that
the punishment levied exceeds the maximum allowed by law.   We disagree.

            The State indicted appellant for
driving while intoxicated.  Included in
the indictment was an allegation that she twice had been convicted of the like
crimes before.  This allegation resulted
in the categorization of the offense as a third degree felony.  And, because she had also been convicted
previously of a felony, i.e. injury
to a child, the State sought to enhance her punishment.  Thus, it filed a “Notice of Intent to Seek
Enhanced Penalty” and alleged therein the aforementioned felony
conviction.  

            At trial, appellant entered an open
plea of guilty to the crime for which she was indicted.  She also signed written plea admonishments
and acknowledged therein that she was susceptible to being sentenced to
imprisonment for not less than two years or more than twenty and levied a fine
of up to $10,000.  Thereafter, the trial
court orally admonished her as follows:

[t]hat
Written Plea Admonishment Agreement correctly stated that if you are found
guilty of this offense and the State is able to show that you have previously
been convicted of a felony offense, there would be an enhancement in your
possible punishment from the normal third degree felony of two years -- not
less than two years nor more than ten years -- to and a $10,000 fine, to a range
of not less than two years nor more than 20 years and the same $10,000 fine.

 

When
asked whether she understood that, appellant said, “[y]es,
sir.”  Thereafter, she stipulated, through
counsel, to the admission of eleven trial exhibits.  Those exhibits represented final convictions
for crimes she previously committed.  Of
those eleven, five were for driving while intoxicated (which included the two
averred in the indictment).  One was for
the felony offense described in the “Notice of Intent to Seek Enhanced
Penalty.”  Appellant also admitted, while
on the witness stand, to having been convicted of injuring a child.  

            Ultimately, the trial court accepted
the plea and found appellant guilty of driving while intoxicated.  In doing so, it stated that it would “further
find that the stipulations are correct and you previously have been convicted
of numerous felony offenses all set out in the State’s exhibit.”  Following this was the judge’s statement that
“I’ll assess your punishment at 16 years confinement . . . .”  Its written judgment reflected the same
sixteen-year sentence.  So too did the
document reflect that the offense for which she was convicted was “DWI-3rd OR
MORE” and that the offense was a “3rd Degree Felony.”  It did not indicate that the punishment was
enhanced, however, and therein lies the heart of the
complaint.  Because of the written
omission and since she “never pled true to the [prior felony] conviction,” appellant
allegedly could not be assessed punishment greater than that applicable to an
unenhanced felony of the third degree, i.e.
not less than two years nor more than ten.  See Tex. Penal Code Ann. §12.34
(Vernon Supp. 2009) (specifying the range of punishment normally applicable to
a felony of the third degree as no less than two nor more than ten years
imprisonment plus a fine of up to $10,000).

Missing
from appellant’s contention, however, is citation to any authority holding that
once the State disclosed its intent to enhance her punishment, she was
required to plead to the accuracy of the conviction mentioned in the “Notice of
Intent to Seek Enhanced Penalty.”  This
may be so because there is no requirement that the enhancement paragraphs be read to the accused or
that he plead to same during the penalty phase of a
bifurcated trial when punishment is tried to the
court.  Reed v. State, 500 S.W.2d 497, 499-500 (Tex. Crim. App. 1973); Osei v. State, No. 05-04-0389-CR, 2005 Tex.
App. Lexis 3101, *8 (Tex. App.–Dallas
April 22, 2005, pet. dism’d) (not designated for
publication); Nolan v. State, 624 S.W.2d 721, 724
(Tex. App.–Amarillo 1981, no
pet.).[1] 

Regarding
the matter of the judgment describing the offense as a third degree felony,
appellant again fails to cite us to authority holding that when punishment is
enhanced, the classification of a felony (as opposed to the range of
punishment) changes.  To know whether
such authority exists would have been interesting.  Nonetheless, statute specifies that when one
is being tried for a third degree felony and the State proves the accused “has
been once before convicted of a felony, on conviction he shall be punished for
a second-degree felony.”  Tex. Penal Code Ann. §12.42(a)(3) (Vernon Supp. 2009). 
Whether this means that the offense is actually reclassified as a felony
of the second degree or remains one of the third degree
but is simply punished as a second degree felony is debatable.  Resolving that debate is
unimportant here, though.  We so conclude because the trial court said nothing about the type
of felony for which appellant was found guilty.  Instead, it orally pronounced her guilty of
driving while intoxicated, found “that the stipulations are correct,” found her
to have “previously . . . been convicted of numerous felony offenses . . .,” and
assessed punishment at sixteen years imprisonment.  This was done after admonishing appellant of
the enhanced punishment range, receiving appellant’s representation that she
understood that punishment could be enhanced, accepting appellant’s plea of
guilty to the charged offense, and hearing appellant admit to having been
convicted of the felony relied upon by the State for enhancement purposes.  Thus, the sentence applicable to the third
degree felony charged in the indictment, as enhanced by the finding that appellant
committed at least one prior felony, fell within the range authorized by
§12.42(a)(3).  See Tex. Penal Code Ann. §12.33(a) (Vernon Supp. 2009)
(prescribing the range of punishment for a second degree felony as not less
than two or more than twenty years imprisonment).   And,
the sentence orally pronounced supersedes any contradictory recital contained
in the written judgment.  Taylor v. State, 131
S.W.3d 497, 500 (Tex. Crim. App. 2004); Ex
parte Madding, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002); Coffey v. State, 979 S.W.3d 326, 328
(Tex. Crim. App. 1998).   

In
sum, we overrule appellant’s issue.  Yet,
to avoid any confusion that may arise from the wording of the judgment, we
modify it to reflect that the offense for which she was convicted was a third degree
felony with punishment lawfully enhanced per §12.42(a)(3) of the Texas Penal
Code.

 

                                                                        Brian
Quinn

                                                                        Chief
Justice

                                                                                                                                                            


 

                                                                                                                                                 Do not publish.            

 

 











[1]We further
note that appellant knew of the State’s effort to enhance her punishment via
the use of a prior felony conviction as evinced by her response to the trial
court’s admonishment regarding the range of punishment.  So too did she admit to having previously
been convicted of felonious injury to a child, the very conviction being used
to enhance her punishment.  Her having
admitted to the validity of the conviction, it can hardly be said that she did
not plead to its authenticity or accuracy.