NO. 07-09-0309-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 19, 2010
_____

KIM RENAY PROVENCE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 59,414-D; HON. DON EMERSON, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ

Kim Renay Provence (appellant) appeals her conviction for driving while intoxicated. Punishment for the offense was enhanced to that of a second degree felony due to her prior conviction of a felony. Through a single issue, she now contends that the punishment levied exceeds the maximum allowed by law. We disagree.

The State indicted appellant for driving while intoxicated. Included in the indictment was an allegation that she twice had been convicted of the like crimes

before. This allegation resulted in the categorization of the offense as a third degree felony. And, because she had also been convicted previously of a felony, *i.e.* injury to a child, the State sought to enhance her punishment. Thus, it filed a "Notice of Intent to Seek Enhanced Penalty" and alleged therein the aforementioned felony conviction.

At trial, appellant entered an open plea of guilty to the crime for which she was indicted. She also signed written plea admonishments and acknowledged therein that she was susceptible to being sentenced to imprisonment for not less than two years or more than twenty and levied a fine of up to $10,000. Thereafter, the trial court orally admonished her as follows:

> [t]hat Written Plea Admonishment Agreement correctly stated that if you are found guilty of this offense and the State is able to show that you have previously been convicted of a felony offense, there would be an enhancement in your possible punishment from the normal third degree felony of two years -- not less than two years nor more than ten years -- to and a $10,000 fine, to a range of not less than two years nor more than 20 years and the same $10,000 fine.

When asked whether she understood that, appellant said, "[y]es, sir." Thereafter, she stipulated, through counsel, to the admission of eleven trial exhibits. Those exhibits represented final convictions for crimes she previously committed. Of those eleven, five were for driving while intoxicated (which included the two averred in the indictment). One was for the felony offense described in the "Notice of Intent to Seek Enhanced Penalty." Appellant also admitted, while on the witness stand, to having been convicted of injuring a child.

Ultimately, the trial court accepted the plea and found appellant guilty of driving while intoxicated. In doing so, it stated that it would "further find that the stipulations are correct and you previously have been convicted of numerous felony offenses all set out

2

in the State's exhibit." Following this was the judge's statement that "I'll assess your punishment at 16 years confinement . . . ." Its written judgment reflected the same sixteen-year sentence. So too did the document reflect that the offense for which she was convicted was "DWI-3rd OR MORE" and that the offense was a "3rd Degree Felony." It did not indicate that the punishment was enhanced, however, and therein lies the heart of the complaint. Because of the written omission and since she "never pled true to the [prior felony] conviction," appellant allegedly could not be assessed punishment greater than that applicable to an unenhanced felony of the third degree, *i.e.* not less than two years nor more than ten. *See* TEX. PENAL CODE ANN. §12.34 (Vernon Supp. 2009) (specifying the range of punishment normally applicable to a felony of the third degree as no less than two nor more than ten years imprisonment plus a fine of up to $10,000).

Missing from appellant's contention, however, is citation to any authority holding that once the State disclosed its intent to enhance her punishment, she was required to plead to the accuracy of the conviction mentioned in the "Notice of Intent to Seek Enhanced Penalty." This may be so because there is no requirement that the enhancement paragraphs be read to the accused or that he plead to same during the penalty phase of a bifurcated trial when punishment is tried to the court. *Reed v. State*, 500 S.W.2d 497, 499-500 (Tex. Crim. App. 1973); *Osei v. State*, No. 05-04-0389-CR, 2005 Tex. App. LEXIS 3101, *8 (Tex. App.–Dallas April 22, 2005, pet. dism'd) (not designated for publication); *Nolan v. State,* 624 S.W.2d 721, 724 (Tex. App.–Amarillo 1981, no pet.).[1]

---

[1]We further note that appellant knew of the State's effort to enhance her punishment via the use of a prior felony conviction as evinced by her response to the trial court's admonishment regarding the

Regarding the matter of the judgment describing the offense as a third degree felony, appellant again fails to cite us to authority holding that when punishment is enhanced, the classification of a felony (as opposed to the range of punishment) changes. To know whether such authority exists would have been interesting. Nonetheless, statute specifies that when one is being tried for a third degree felony and the State proves the accused "has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony." TEX. PENAL CODE ANN. §12.42(a)(3) (Vernon Supp. 2009). Whether this means that the offense is actually reclassified as a felony of the second degree or remains one of the third degree but is simply punished as a second degree felony is debatable. Resolving that debate is unimportant here, though. We so conclude because the trial court said nothing about the type of felony for which appellant was found guilty. Instead, it orally pronounced her guilty of driving while intoxicated, found "that the stipulations are correct," found her to have "previously . . . been convicted of numerous felony offenses . . .," and assessed punishment at sixteen years imprisonment. This was done after admonishing appellant of the enhanced punishment range, receiving appellant's representation that she understood that punishment could be enhanced, accepting appellant's plea of guilty to the charged offense, and hearing appellant admit to having been convicted of the felony relied upon by the State for enhancement purposes. Thus, the sentence applicable to the third degree felony charged in the indictment, as enhanced by the finding that appellant committed at least one prior felony, fell within the range authorized by §12.42(a)(3). *See* TEX. PENAL CODE ANN. §12.33(a) (Vernon Supp. 2009) (prescribing

range of punishment. So too did she admit to having previously been convicted of felonious injury to a child, the very conviction being used to enhance her punishment. Her having admitted to the validity of the conviction, it can hardly be said that she did not plead to its authenticity or accuracy.

4

the range of punishment for a second degree felony as not less than two or more than twenty years imprisonment). And, the sentence orally pronounced supersedes any contradictory recital contained in the written judgment. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002); *Coffey v. State*, 979 S.W.3d 326, 328 (Tex. Crim. App. 1998).

In sum, we overrule appellant's issue. Yet, to avoid any confusion that may arise from the wording of the judgment, we modify it to reflect that the offense for which she was convicted was a third degree felony with punishment lawfully enhanced per §12.42(a)(3) of the Texas Penal Code.


Brian Quinn
Chief Justice


Do not publish.