

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| OSCAR L. SHAW, | § | No. 08-16-00321-CR |
| Appellant, | § | Appeal from the |
| v. | § | 243rd District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20160D02955) |

## **O P I N I O N**

Oscar Shaw, *pro se*, appeals his conviction of robbery, enhanced by two prior felony convictions. A jury found Appellant guilty, and the trial court found the enhancement paragraphs true and assessed Appellant's punishment at imprisonment for thirty-five years. We affirm.

## **FACTUAL SUMMARY**

On May 17, 2016, Milagro Sandoval was working as a cashier at Wal-Mart in El Paso. A tall man in his 50's and with a napkin covering his mouth walked up to her register. He had a three-pack of Budweiser and a pack of gum or mints. The man handed her a note which read: "I got a gun so you better do what this note tells you if you want to see your family again. I want all the money in your cash drawer -- drew. Push alarm you will die today." Fearing for her life, Sandoval opened the register, put all of the money in a bag, and gave it to the man. The man took the money but left the beer and mints or gum behind. Sandoval closed down her register and called

security to report that she had just been robbed.

During cross-examination, Appellant asked Sandoval whether he looked like the individual who had robbed her, and she replied that he did. She also testified that the store had video of him walking into the store before the robbery and his fingerprints were on the beer he left behind. On re-direct, Sandoval identified Appellant as the person who had robbed her. Appellant was also positively identified as the robber by Ruben Serros, a loss prevention officer for the Wal-Mart store where the robbery took place. He based his identification on seeing Appellant in the store's video on the day of the robbery.

El Paso Police Officer David Soto processed the note, beer, and mints, and he found one fingerprint on the note and nine fingerprints on the beer. Police officer Bruce Orndorf is the supervisor for the latent section and the senior latent-fingerprint examiner. It is undisputed that Orndorf is qualified to testify as an expert in fingerprint examination and comparison as he has qualified in federal and state courts as such an expert over 1,000 times. After comparing the latent fingerprints with the known prints of Appellant, Orndorf concluded that the fingerprint on the note and three of the fingerprints on the beer were Appellant's prints.

Appellant testified in his own behalf. He admitted committing multiple prior offenses, but denied committing the robbery as follows:

> I've been to prison for attempted murder, assault. I've been on probation for forgery. And I had an aggravate [sic] robbery. And I'm on parole for robbery. I haven't committed a crime in over 20 years. I gave myself -- well, I gave myself over to God. I repented for all the things that I did in my past, and I know that he has forgiven me for that. But this robbery, I didn't do.

The jury rejected Appellant's defense and found him guilty of robbery as alleged in the indictment.

## ARTICLE 28.01 MOTIONS

- 2 -

In his first issue, Appellant contends that the El Paso County District Clerk erred by failing to file his *pro se* motions received prior to the deadline for filing them, and the trial court erred by failing to file or consider his motions at the Article 28.01 pre-trial hearing. He argues that this refusal to file or consider his motions deprived him of his right of access to the courts and right to present a defense. In this same issue, Appellant challenges the trial court's denial of his motion for a continuance.

Article 28.01 of the Code of Criminal Procedure authorizes a trial court to set any criminal case for a pre-trial hearing before it is set for trial upon its merits. *See* TEX.CODE CRIM.PROC.ANN. art. 28.01, § 1 (West 2006)("The court may set any criminal case for a pre-trial hearing before it is set for trial upon its merits, and direct the defendant and his attorney, if any of record, and the State's attorney, to appear before the court at the time and place stated in the court's order for a conference and hearing."); *State v. Velasquez*, 539 S.W.3d 289, 292-93 (Tex.Crim.App. 2018). When a criminal case is set by the court for a pre-trial hearing pursuant to Article 28.01, any preliminary matters not raised or filed seven days before the hearing may not be raised or filed except by permission of the court for good cause shown, provided that the defendant had not less than ten days' notice of the hearing. *See* TEX.CODE CRIM.PROC.ANN. art. 28.01, § 2 (West 2006).

On August 16, 2016, the trial court entered an order setting the Article 28.01 hearing for November 9, 2016 and the case for jury trial on December 2, 2016. Consistent with Article 28.01, section 2, the order also required all Article 28.01 motions to be filed no later than seven days before November 9, 2016. On November 2, 2016, Appellant timely filed a motion for continuance on the ground that the law library available to him was inadequate. At the beginning of the pre-trial hearing, the trial court inquired whether Appellant had any motions, and Appellant replied

that he had filed eighteen motions. Appellant explained that the motions were returned by the district clerk because he had put a federal cause number on them. Rather than drafting new motions, Appellant wrote the correct cause number on the documents and sent them back to the district clerk for filing, but the district clerk rejected the motions because they were deemed to be copies rather than original motions. The trial court determined that with the exception of the motion for continuance, the motions would not be heard because Appellant had failed to file them by November 2, 2016. Appellant's standby counsel urged the court to grant a continuance so that Appellant could re-draft his motions and file them, but the court denied that request. Appellant then presented his arguments in support of his motion for continuance. Appellant asserted that the law library at the jail annex was inadequate because the books were outdated and he needed additional time to review the State's evidence. The trial court denied the motion for continuance. Appellant did not present his complaint regarding the denial of the motion for continuance in a motion for new trial.

*Refusal to File or Consider Appellant's Motions*

We will first consider Appellant's argument that the refusal of the district clerk and trial court to file his motions deprived him of his constitutional rights of access to the courts and to present a defense. As a prerequisite to presenting a complaint on appeal, a party is required to present a timely and specific objection, request, or motion and obtain an adverse ruling. *See* TEX.R.APP.P. 33.1. Even constitutional error can be waived by failure to object. *See Fuller v. State*, 253 S.W.3d 220, 232 (Tex.Crim.App. 2008). Appellant did not object that the district clerk's failure to file the motions or the trial court's refusal to permit the untimely filing of the motions would constitute a denial of Appellant's right of access to the courts or prevent him from presenting

his defense. Because the trial court was not given an opportunity to rule on these specific complaints, they are waived. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995) (defendant's failure to argue in the trial court that he was denied right to present a defense and right to due process or course of law in violation of federal and state constitutions waived those arguments on appeal).

When Appellant's brief is liberally construed, it raises a general complaint that the trial court erred by not finding that his motions were timely filed when they were received by the district clerk. The record before us does not reflect when the district clerk's office actually received Appellant's motions the second time he submitted them. Appellant stated at the hearing that he sent the motions by certified mail return receipt requested, but he did not introduce the green card into evidence. He alleges in his brief that a deputy clerk signed for the motions on October 21, 2016, but there is no evidence in the record supporting this assertion of fact. In the absence of such evidence, we are unable to conclude that the trial court erred by refusing to find that Appellant had timely submitted his motions for filing on or before November 2, 2016.

Even if the trial court erred by refusing to consider Appellant's motions to have been timely filed, Appellant has not shown that he was harmed. Under Rule 44.2(b), any non-constitutional error, defect, irregularity, or variance that does not affect substantial rights must be disregarded. TEX.R.APP.P. 44.2(b). The record before us does not include the motions and Appellant has failed to establish that any of his motions had merit. Consequently, the record does not support a conclusion that Appellant's inability to present any of these motions had an effect on his substantial rights. *See Ladd v. State*, 3 S.W.3d 547, 575 (Tex.Crim.App. 1999)(any error in trial court's denial of defendant's motion for extension of time in which to file additional pre-trial motions to address

unidentified issues did not affect defendant's substantial rights, absent any indication that defense lawyers sought to file any additional pre-trial motions).

Appellant's brief, even liberally construed, does not assert that the trial court abused its discretion by refusing to find good cause for the late filing of Appellant's motions pursuant to Article 28.01, section 2. Assuming for the sake of argument the issue had been raised in the brief, it is not preserved because Appellant did not ask the trial court to permit the motions to be filed under section 2's good cause exception. *See* TEX.R.APP.P. 33.1(a)(1)(requiring party to preserve a complaint by raising a timely objection, motion, or request stating the grounds for the ruling the party sought from the trial court with sufficient specificity to make the trial court aware of the complaint).

*Denial of Motion for Continuance*

Appellant also contends that the trial court's denial of his motion for continuance deprived him of his rights of access to the courts and to prepare a defense. Appellant sought a continuance on the specific grounds that the law library at the jail annex was inadequate and he required additional time to review the State's evidence.

A trial court's decision denying a motion for a continuance is reviewed for an abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex.Crim.App. 2007); *Priester v. State*, 478 S.W.3d 826, 831 (Tex.App.--El Paso 2015, no pet.). In order for an abuse of discretion to exist, the record must show "with considerable specificity how the defendant was harmed by the absence of more preparation time than he actually had." *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex.Crim.App. 2010), *quoting George E. Dix & Robert O. Dawson,* 42 Texas Practice: Criminal Practice and Procedure § 28.56 (2d ed. 2001), at 532-33. This showing generally must be made at

a hearing on a motion for new trial because only then will the defendant be able to produce evidence as to what additional evidence the defense would have had available if the continuance had been granted. *Id.* at 842-43.

The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in preparing and filing meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977), *overruled in part on other grounds by Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (disclaiming *Bounds* to the extent it suggested State must enable prisoners to discover grievances and litigate effectively); *Johnson v. State*, 257 S.W.3d 778, 780 (Tex.App.--Texarkana 2008, pet. ref'd). When a prisoner knowingly and voluntarily waives appointed counsel in a criminal proceeding, he is not entitled to access to a law library. *See Johnson*, 257 S.W.3d at 780. Consequently, a defendant who rejects the offer of appointed counsel and represents himself with the assistance of standby counsel cannot complain about lack of law library access. *See Bright v. State*, 585 S.W.2d 739, 744 (Tex.Crim.App. 1979); *Johnson*, 257 S.W.3d at 781.

Appellant knowingly and voluntarily waived appointed counsel and the trial court appointed standby counsel to assist him. Therefore, Appellant's complaints about the adequacy of the law library did not require the trial court to grant him a continuance. Further, the record does not show, with considerable specificity, how he was harmed by the absence of more preparation time than he had. *See Gonzales*, 304 S.W.3d at 842. For these reasons, we conclude that the trial court did not abuse its discretion by denying the motion for continuance. Issue One is overruled.

**STATE'S MOTION FOR FINGERPRINTS**

In Issue Two, Appellant argues that the State filed its motion to obtain his fingerprints in an effort to punish Appellant for exercising his right to self-representation. He also asserts that the prints were forcibly obtained to "plant" evidence against him. Appellant's brief includes arguments that the taking of his fingerprints violated his right to Due Process and Equal Protection, subjected him to cruel and unusual punishment, and violated his Fifth Amendment privilege against self-incrimination.

At the Article 28.01 hearing, the trial court granted the State's motion to obtain Appellant's fingerprints. Appellant's complaints that the State engaged in prosecutorial misconduct and violated his rights under the Sixth, Eighth, and Fourteenth Amendments are waived because he did not present them in the trial court. *See* TEX.R.APP.P. 33.1(a)(1). Further, there is no evidence to support Appellant's claim that his fingerprints were planted on the beer and note left at the scene by the robber. To the contrary, Officer Soto testified that he processed the evidence found at the scene and found prints on the note and beer.

Appellant objected to the taking of his fingerprints as violating his right to Due Process. Citing *Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952), Appellant argues that the taking of his fingerprints violated his right to Due Process. In *Rochin*, the Supreme Court held that the forcible pumping of a defendant's stomach to obtain evidence shocked the conscience and violated the defendant's right to Due Process. *Rochin*, 342 U.S. at 172, 72 S.Ct. at 209. The taking of a defendant's fingerprints does not constitute an invasion of the defendant's body.

Appellant raised a Fifth Amendment objection to the State's motion to obtain his fingerprints. It is well established that fingerprints are not testimonial in nature and may be taken

from a defendant at the time of trial for comparison purposes without violating his privilege against self-incrimination. *See Ballard v. State*, 487 S.W.2d 724, 725 (Tex.Crim.App. 1972); *Nolan v. State*, 624 S.W.2d 721, 726 (Tex.App.--Amarillo 1981, no pet.). The trial court did not abuse its discretion by granting the State's motion to obtain Appellant's fingerprints. Issue Two is overruled.

## JUDICIAL MISCONDUCT

In his third issue, Appellant complains that the trial court violated his right to a fair trial alleging the judge exhibited bias against Appellant for exercising his right of self-representation. More specifically, he asserts that the trial court: (1) failed to rule on a pre-trial writ of habeas corpus challenging the sufficiency of the information and indictment; (2) refused to permit Appellant to file his Article 28.01 motions; (3) refused to voluntarily recuse or refer the recusal motion for a hearing; (4) granted the State's motion to obtain Appellant's fingerprints; and (5) denied Appellant's motion for continuance.

Due process requires a neutral and detached judge. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex.Crim.App. 2006), *citing Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). As a general rule, a party's failure to raise a contemporaneous objection to remarks and conduct of the trial court results in a waiver of claimed error. *See* TEX.R.APP.P. 33.1(a); *see also Brewer v. State*, 572 S.W.2d 719, 721 (Tex.Crim.App. 1978)(absent an objection, a party's complaints about the remarks and conduct of the court are waived unless they are fundamentally erroneous). Appellant filed his motion to recuse the trial judge on November 18, 2016, but he did not make a contemporaneous objection during trial to the court's remarks and conduct.

Even if Appellant had preserved his complaints about the court's remarks and conduct, it

is without merit because we have already determined that the trial court did not err by refusing to permit Appellant to file his Article 28.01 motions, by denying Appellant's motion for continuance, or by granting the State's motion to obtain Appellant's fingerprints. Regarding the writ of habeas corpus issue, the record does not show that Appellant brought his habeas petition to the court's attention or sought a ruling on his complaints about the indictment at the Article 28.01 hearing or at any other time.[1] *See* TEX.CODE CRIM.PROC.ANN. art. 28.01, § 1(a)(4) (identifying exceptions to the form or substance of the indictment or information as a matter which must be raised at the Article 28.01 hearing or it is waived). Consequently, the trial court's failure to rule on this issue does not demonstrate bias or misconduct on the part of the court.

Appellant also complains about the trial judge's failure to either recuse himself or refer the recusal motion to the administrative judge. A motion to recuse must be filed as soon as practicable after the movant knows of the ground stated in the motion. TEX.R.CIV.P. 18a(b)(1)(A). Further, the motion must not be filed "after the tenth day before the date set for trial or other hearing unless, before that day, the movant neither knew nor reasonably should have known . . . that the ground stated in the motion existed." TEX.R.CIV.P. 18a(b)(1)(B)(ii). These procedural requirements are mandatory, and a party who fails to comply waives his right to complain of a judge's failure to recuse himself. *Vickery v. Texas Carpet Co., Inc.*, 792 S.W.2d 759, 763 (Tex.App.--Houston [14th Dist.] 1990, writ denied).

Appellant states in his motion to recuse that the trial judge became extremely upset on August 24, 2016 when Appellant decided to represent himself. The motion recounts that during the proceeding, the judge made negative comments about Appellant's decision. Appellant waited

---

[1] The writ application is not included in the clerk's record. According to Appellant, it was filed in a separate civil case, cause number 2016DCV4421.

- 10 -

until November 18, 2016, after the court held the Article 28.01 hearing on November 9, to file his motion to recuse on the ground that the trial judge is biased against Appellant because he exercised his right of self-representation. Even though the motion sets forth different examples of various adverse rulings made by the trial judge after Appellant began representing himself, Appellant knew on August 24, 2016 that the trial judge had expressed disapproval of Appellant's decision. Accordingly, we find that Appellant waived his right to complain of the trial judge's failure to recuse himself because he did not file his motion to recuse as soon as practicable as required by Rule 18a(b)(1)(A).

Assuming for the sake of argument that Appellant timely filed his recusal motion, the trial court's alleged failure to follow the recusal procedures does not require reversal of Appellant's conviction. When an appellate court has a complete record in a criminal case, a trial judge's abuse of discretion in failing to follow recusal procedures does not require reversal of the conviction and is harmless error if the record demonstrates that the trial judge was not biased or partial. *See De Leon v. Aguilar*, 127 S.W.3d 1, 6 (Tex.Crim.App. 2004) (orig. proceeding). After reviewing the record, we conclude that it does not show the court was biased against Appellant because he had exercised his right of self-representation. At various points during the case, including the Article 28.01 hearing and subsequent status hearing, the trial judge reminded Appellant that he was being held to the same standard as an attorney. The trial judge also expressed his opinion that Appellant was making a mistake by representing himself. Rather than demonstrating bias or partiality, the trial court's remarks were aimed at impressing upon Appellant the gravity of his situation and the disadvantage he had as a non-lawyer. Accordingly, we find that the alleged failure to follow the recusal procedures is harmless. Issue Three is overruled.

**SUFFICIENCY OF THE EVIDENCE**

In his final issue, Appellant challenges the legal sufficiency of the evidence supporting his conviction of robbery. Sufficiency of the evidence to support a criminal conviction is governed by the standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Under that standard, a reviewing court must consider all evidence in the light most favorable to the verdict and in doing so determine whether a rational justification exists for the jury's finding of guilt beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010), *citing Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2789. Because the jury is the sole judge of the weight and credibility of the evidence, we must presume that the fact finder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex.Crim.App. 2014). Further, we are not permitted to reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App. 2010). Our task is to determine whether, based on the evidence and reasonable inferences drawn therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

A person commits the offense of robbery under Section 29.02(a)(2) if, in the course of committing theft as defined in Chapter 31, and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX.PENAL CODE ANN. § 29.02(a)(2)(West 2011). The indictment alleged that Appellant committed the offense of robbery by committing theft of property, and with intent to obtain or maintain control of said property, intentionally or knowingly threatened or placed Milagro Sandoval in fear of imminent bodily injury or death. Appellant argues that the evidence

is insufficient to prove the offense of robbery because the State failed to prove how much money was taken in the robbery. The State was not required to prove the amount of money taken in order to prove the offense of robbery. *See Honea v. State*, 585 S.W.2d 681, 684 (Tex.Crim.App. 1979), *overruled on other grounds by Thompson v. State*, 236 S.W.3d 787 (Tex.Crim.App. 2007); *see also Cox v. State*, 494 S.W.2d 574, 575 (Tex.Crim.App. 1973)(State not required to allege in the indictment the amount of money taken); *Preas v. State*, 634 S.W.2d 940, 943 (Tex.App.--San Antonio 1982, pet. ref'd)(same). The evidence showed that Sandoval, in direct response to Appellant's note demanding the money and threatening her with imminent bodily injury or death, removed money from her register, put it in a bag and handed it to Appellant who immediately left the store. We conclude that the evidence is legally sufficient to prove that Appellant committed theft of property, and that Appellant, with intent to obtain or maintain control of the property, intentionally or knowingly threatened Sandoval and caused her to be in fear of imminent bodily injury or death as alleged in the indictment. Issue Four is overruled. The judgment of the trial court is affirmed.

GINA M. PALAFOX, Justice

August 22, 2018

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)